May Term,
1850.

CRAWFORD
v.
THE STATE.

*R. A. Lockwood*, for the appellant.

*J. S. Watts*, for the appellees.

---

## CRAWFORD *v.* THE STATE.

Indictment for stealing " a bank note of the *State Bank of Ohio* for the payment of 10 dollars." *Held,* that it was not necessary that the note should have been described with greater particularity.

An indictment for stealing bank-bills need not conclude against the form of the *statutes,* as the offence and penalty are declared by the same statute.

Three witnesses, persons of skill, testified to the genuineness and value of the bank-note. It was proved that the prisoner passed the note in payment for certain goods and received the proper change. *Held,* that this was ample proof of the value and genuineness of the note; and sufficient *prima facie* evidence of the existence of the bank.

Wednesday,
June 5.

ERROR to the *Hamilton* Circuit Court.

This was an indictment against the plaintiff in error for stealing " a bank note of the *State Bank of Ohio* for the payment of 10 dollars." The indictment concluded against the form of the statute.

A motion was made to quash the indictment on two grounds. 1st. That the bank note was not described with sufficient particularity; 2d. That the indictment should have concluded against the form of the statutes.

This motion was overruled; whereupon the defendant

pleaded not guilty, which issue the jury found for the state, and, after unsuccessful motions for a new trial and in arrest of judgment, judgment was rendered upon the verdict.

The evidence was set out in a bill of exceptions. It was proved that the note was the property of *Smith* and *Hanna*, store-keepers at *Indianapolis*, and was taken from the money drawer of their store. The prisoner had been seen sitting on the counter, near the money drawer, shortly before the note was missed. It was found, one or two hours after it had been placed in the drawer, in the possession of another store-keeper in *Indianapolis*, to whom the prisoner had given it in payment for a pair of boots at the price of 5 dollars and 25 cents, receiving 4 dollars and 75 cents in change. Three witnesses, who said they were capable of judging, testified that the note was genuine and worth 10 dollars.

The attorneys for the plaintiff in error contended that the Court erred in overruling the motion to quash the indictment.

They also contended that the evidence was not sufficient to justify the verdict, because no evidence was given of the existence of the *State Bank of Ohio*.

SMITH, J.—We think the objections to the indictment in this case are not tenable. It was not necessary that the note should have been described with greater particularity. *Engleman* v. *The State*, at this term (1). It has been held that when an act is made a criminal offence by one statute, and the penalty is fixed by another, an indictment for doing such act should conclude against the form of the statutes, because the indictment could not be founded on a single statute. But this is not such a case. The 15th section of the 53d chapter of the Revised Statutes enacts that any person who shall feloniously steal, take, and carry away the personal goods of another, of the value of 5 dollars and upwards, shall be deemed guilty of grand larceny, and prescribes the punishment for that offence. The 21st section of the same chapter declares that bank notes shall be considered personal

property of which larceny may be committed. Here, then, the offence and the penalty are declared by the same statute, and the indictment being founded on this statute, there was no necessity that it should refer to any other.

The Court is also of the opinion, that the conviction of the prisoner was justified by the evidence set out in the record.

The prisoner's counsel relies chiefly on the case of the *People* v. *Caryl*, 12 Wend. 547. In that case the prisoner was indicted for stealing, within the state of *New York*, a number of bank bills, purporting to have been issued by the *Bank of Upper Canada*, and by the *Hancock Bank* in *Massachusetts*. No evidence was given of the existence of the banks or of the genuineness of the bills, and the Supreme Court was of opinion that *prima facie* evidence ought to have been given that there were such banks in existence and that the notes were genuine.

In the present case, three witnesses, who professed to be persons of skill, testified to the value and genuineness of the note. It was also proved that the prisoner passed the note in payment for a pair of boots, which he had purchased at the price of 5 dollars and 25 cents, receiving 4 dollars and 75 cents in change. This was ample proof of the value and genuineness of the note, and more than meets the provisions of the statute relative to the evidence necessary in such cases. R. S. p. 993, ss. 45, 46. See also Wharton's Crim. Law, 393.

We think, also, that this was sufficient *prima facie* evidence of the existence of the bank by which the note purported to have been issued. It could not have been a genuine bank note of the value expressed upon its face, if there was no such bank. It is said in the case cited from *Wendall*, that it would not have been necessary to produce the highest evidence of the existence of the banks, such as proof of their charters, but that proof that there were such banks *de facto*, would have been sufficient. We think the jury were authorised to infer, from the evidence in this case, that the stolen note was a

genuine bill of the bank from which it purported to have been issued, and nothing more was necessary to be proved, for the purposes of the trial, upon that point.

May Term, 1850.

R. L. *Walpole* and T. D. *Walpole*, for the plaintiff.

D. *Wallace*, for the state.

