## THE STATE OF KANSAS V. FRANK HENRY.

1. LARCENY OF BANK NOTES; *Information, when Sufficient.* The defendant was charged by information with "stealing national bank currency and United States treasury notes of the amount and value of one hundred and sixty-four dollars." *Held,* that the information cannot, on a motion in arrest of judgment, be held to be insufficient on the ground of a supposed insufficiency in the description of the property stolen.

2. INSTRUCTION, *Not Erroneous.* On the trial on such an information, the court instructed the jury that they might find the defendant guilty if they found that he stole "national bank currency and United States treasury notes, *or either,*" and the jury found "the defendant guilty as charged in the information," and found and assessed "the value of the property stolen at the sum of one hundred and sixty-four dollars." *Held,* that the court did not commit any material error in giving said instruction.

3. POSSESSION OF PROPERTY RECENTLY STOLEN; *Instruction, not Erroneous.* The court also instructed the jury that "the possession of property, proven to have been recently stolen, is evidence from which the jury may infer that the person in whose possession such property is found is guilty of the theft, provided that such possession is not explained; and so, when a certain amount of property is proven to have been stolen at the same time, and soon thereafter a portion of such stolen property is found in possession of the defendant, such possession, if unexplained, is evidence from which the jury may infer that the defendant is guilty of the larceny of the entire amount of property then proven to have been stolen." *Held,* not erroneous, although the property stolen was national bank currency and United States treasury notes.

*Appeal from Shawnee District Court.*

SEPTEMBER 20, 1880, the appellant, *Frank Henry,* was convicted of grand larceny, and sentenced to imprisonment in the state penitentiary for the term of four years. He appeals to this court. The opinion contains a sufficient statement of the facts.

*Hill & Hazen,* for appellant.

*A. H. Vance,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.:  In this case the defendant was charged by information with stealing "national bank currency and United States treasury notes of the amount and value of one hundred and sixty-four dollars." No motion was made to quash the information, and no plea in abatement was interposed, but, on the contrary, the defendant pleaded to the merits, "not guilty," and went to trial before a jury upon the merits of the action.  The jury, upon the evidence introduced and after due deliberation, found "the defendant guilty as charged in the information," and found and assessed "the value of the property stolen at the sum of one hundred and sixty-four dollars." After this verdict was rendered, the defendant moved in arrest of judgment, "for the reason that the facts stated in said information do not constitute a public offense," and also moved for a new trial for the following reasons:

"*First*, The verdict of the jury is not sustained by sufficient evidence.

"*Second*, The verdict is contrary to law.

"*Third*, The court erred in giving instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, to the jury, and in giving each of said instructions."

The court overruled both of these motions and rendered judgment against the defendant, sentencing him to imprisonment in the penitentiary for the term of four years.  The defendant now appeals to this court, and claims that the court below erred in overruling said motions and in rendering said judgment.

I. Did the court below err in overruling the motion in arrest of judgment?—or, in other words, was the information fatally defective in not stating facts sufficient to constitute a cause of action?  We must answer these questions in the negative; for while the facts are stated in very general and indefinite language, yet sufficient facts are stated, and stated sufficiently definitely to show beyond all question that a public

offense was committed, and that it was committed by the defendant. The objection to the information is, that it does not give a description of any of the notes stolen, nor state the number of notes stolen, nor the denomination of any one of them, nor the aggregate amount of the national bank notes separate from the aggregate amount of the United States treasury notes, and that it does not give any reason why it is made so indefinite. This description of the offense is, of course, general and indefinite, but still it must be admitted that it is a public offense to steal "national bank currency and United States treasury notes of the amount and value of one hundred and sixty-four dollars," whatever the description, or the denomination, or the number, or the aggregate amount of said currency or notes, or of either taken separately, may be. And the defendant, after taking his chances of an acquittal upon the merits of the action, cannot then object to the information, because it has not stated the offense in as definite terms as it might have done. (As to motions in arrest of judgment in criminal cases, see Comp. Laws of 1879, p. 764, § 277.) In Massachusetts it has been held that "judgment will not be arrested on an indictment for larceny of sundry bank bills of the aggregate value of $367, merely because the verdict was 'guilty of stealing sundry bank bills of the value of $317, and not guilty as to the residue.'" (*Com. v. Duffy,* 11 Cush. [65 Mass.] 145 ; see also *Com. v. Sawtelle,* 11 Cush. 142 ; and *Com. v. O'Connell,* 12 Allen, [94 Mass.] 451.) And in Maine it has been held that "where an indictment for larceny states only the collective value of the articles alleged to have been stolen, if the defendant is convicted of stealing only a part of them, and the jury find and in their verdict return the value of the part so stolen, judgment may be legally rendered upon the verdict." (*State v. Buck,* 46 Me. 531; see also *McKane v. The State,* 11 Ind. 195.)

II. The overruling of the motion for a new trial presents a more difficult question. This question, however, really involves two questions: 1. Did the court below err to the pre-

judice of the defendant, in instructing the jury that they might find the defendant guilty, if they found that he stole "national bank currency and United States treasury notes, or either?" 2. Did the court below err to the prejudice of the defendant in giving the following instruction to the jury?

"The possession of property, proven to have been recently stolen, is evidence from which the jury may infer that the person in whose possession such property is found is guilty of the theft, provided that such possession is not explained; and so, when a certain amount of property is proven to have been stolen at the same time, and soon thereafter a portion of such stolen property is found in possession of the defendant, such possession, if unexplained, is evidence from which the jury may infer that the defendant is guilty of the larceny of the entire amount of property then proven to have been stolen."

Counsel for defendant refer us to the following Massachusetts decisions, for the purpose of showing that the court below erred in instructing the jury that they might find the defendant guilty if they found him guilty of stealing "national bank currency and United States treasury notes, *or either*." (*Hope v. Com.*, 50 Mass. [9 Metc.] 134; *Com. v. Cahill*, 94 Mass. [12 Allen] 540; *Com. v. Lavery*, [101 Mass.] 207.) These Massachusetts cases in effect hold that where an indictment alleges the stealing of two or more articles of different kinds, and gives only the aggregate value of such articles, and the verdict of the jury shows the stealing of only a portion of such articles, such verdict can not authorize or uphold any sentence or punishment of the defendant. And the grounds upon which these decisions were made seem to be as follows: Before any person can be sentenced or punished for a crime, it is necessary that both a grand jury and a petit jury should concur in finding that the defendant stole the same identical article, and that such article *had some actual value;* and the court then reasons, that if the grand jury should find that the defendant stole several articles, giving only their aggregate value, and the petit jury should afterward find that the defendant stole only a portion of such articles, it might be that the petit jury would thus

find that the defendant stole only such of the articles stolen as the grand jury considered of no real or actual value. That is, the aggregate value which the grand jury saw fit to place upon the whole of the articles in the aggregate may in fact have been placed entirely upon only such of the articles as the petit jury afterward failed to find had been stolen. In other words, the two juries may have failed to concur in finding that the thing or things finally found to have been stolen, had any actual or real value; and hence no concurrent finding by the two juries that the defendant committed any punishable larceny. Such reasoning can hardly apply to any case prosecuted in Kansas, and it certainly cannot apply to the present case. It is not necessary that a defendant in a criminal prosecution in Kansas should be indicted at all, but he may be prosecuted upon an information filed by the county attorney. And such information is subject to amendment even during the trial. (Comp. Laws 1879, p. 741, § 72.) But more than this: the defendant in this case is charged with stealing "national bank currency and United States treasury notes, of the amount and value of one hundred and sixty-four dollars." Now all men must know as a matter of law, that both "national bank currency and United States treasury notes" must have some actual value. It is impossible, in legal contemplation, to suppose that either should have no value, and hence the reasoning in the Massachusetts cases cannot apply to such notes or currency. They are wholly unlike other property — wholly unlike the former bank notes or bank bills which were allowed to circulate in this country as currency, and which might, in fact, and often did, have no actual value. The United States treasury notes are legal tenders for the payment of debts; and therefore must in law be worth their face value; and national bank notes are redeemable in United States treasury notes, with ample security behind them, and hence they must also, in contemplation of law, be worth about their face value. Besides, the currency and notes stolen were alleged to have been of the *amount* and *value* of $164. That is, both their face

value and their real value were $164.   And the jury found "the defendant guilty as charged," and found the "value of the property stolen" to be $164.   The jury therefore could not have found that the defendant stole *only a portion* of the property alleged to have been stolen.   The jury must have found that the defendant stole all of. the property—(all of the "national bank currency," and all of the "United States treasury notes") alleged to have been stolen.   The face value of the property alleged to have been stolen was only $164, and its real value could not have been more; and as the jury found that the value of that stolen was $164, they must have found that. all that was alleged to have been stolen was in fact stolen; and if so, then the Massachusetts decisions can have no possible application to this case.

We do not think that the court below erred in instructing the jury that they might find the defendant guilty if they found that he stole "national bank currency and United States treasury notes, or either;" and, under the circumstances of this case, we do not think that the supposed error was material, even if the court did err.

The other instruction above quoted we think is correct.

Finding no material error in any of the rulings of the court below, its judgment will be affirmed.

All the Justices concurring.