THE STATE OF KANSAS v. WILLIAM COMBS.

EMBEZZLEMENT — *Sufficient Information.* An information for embezzlement under § 90 of the crimes act charged that "one A. M. Fearn did intrust to William Combs, for safe custody, $530, current money of the United States, of the value of $530, he, the said William Combs, receiving and accepting the same as the bailee of said A. M. Fearn; that said $530 consisted of United States national bills, commonly called greenbacks, and national bank bills, silver certificates, and gold certificates. The denominations and names of each are unknown to said A. M. Fearn, the prosecuting witness, or your informant, but they all pass as current money of the United States, and all were of the value of $530. That after the said William Combs received said current money, as aforesaid, as such bailee, and on said 10th day of March, 1891, at the county of Harvey, in the state of Kansas, did then and there unlawfully and feloniously embezzle and convert to his own use, and make way with and secrete said $530, current money of the United States, and of the value of $530, belonging to and being then and there the money and property of said A. M. Fearn, without the authority, knowledge or consent of said A. M. Fearn; and then and there, in the manner aforesaid, the said money, the property of said A. M. Fearn, did unlawfully and feloniously steal, take, and carry away." Upon a motion in arrest of judgment, it was objected that the information did not specify the nature of the bailment; that it did not contain an allegation of intent; and that it did not describe the money alleged to have been embezzled with a reasonable degree of certainty. *Held,* That the information is not fatally defective upon any of the grounds mentioned, and that its allegations are sufficient to resist objections which were not made until after trial and verdict.

*Appeal from Harvey District Court.*

PROSECUTION for embezzlement.   From a conviction at the May term, 1891, the defendant, *Combs*, appeals.   The facts sufficiently appear in the opinion.

*J. B. Crouch*, and *Madden Bros.*, for appellant.

*John N. Ives*, attorney general, and *C. S. Bowman*, county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: This was a prosecution for embezzlement, under § 90 of the crimes act.   The defendant was convicted, and the judgment of the court was, that he should be confined at hard labor for a term of two years in the state penitentiary.   The information under which he was convicted charged as follows:

"That on the 10th day of March, 1891, in said county of Harvey and state of Kansas, one A. M. Fearn did intrust to William Combs, for safe custody, $530, current money of the United States, of the value of $530, he, the said William Combs, receiving and accepting the same as the bailee of said A. M. Fearn; that said $530 consisted of United States national bills, commonly called greenbacks, and national bank bills, silver certificates, and gold certificates.   The denominations and names of each are unknown to said A. M. Fearn, the prosecuting witness, or your informant, but they all pass as current money of the United States, and all were of the value of $530.   That after the said William Combs received said current money, as aforesaid, as such bailee, and on said 10th day of March, 1891, at the county of Harvey, in the state of Kansas, did then and there unlawfully and feloniously embezzle and convert to his own use, and make way with and secrete said $530, current money of the United States, and of the value of $530, belonging to and being then and there the money and property of said A. M. Fearn, without the authority, knowledge or consent of said A. M. Fearn, and then and there, in the manner aforesaid, the said money, the property of the said A. M. Fearn, did unlawfully and feloniously steal, take, and carry away, contrary to the form of the

statute in such cases made and provided, and against the peace and dignity of the state of Kansas."

After the verdict, the defendant moved to arrest the judgment, upon the ground that the facts stated in the information did not constitute a public offense. This motion was denied, but the defendant still insists that the information was fatally defective, and on that ground he asks a reversal. Three objections are urged against the information: (1) That it does not specify the nature of the bailment; (2) that it contains no allegation of intent; and (3) that it does not describe the money alleged to have been embezzled with a reasonable degree of certainty.

It is to be observed that the sufficiency of the information was not raised by a motion to quash, nor until after trial and verdict, when the motion in arrest of judgment was interposed. "It was then too late to avail himself of technical error in form or mere imperfection in the statement of the complaint. Defects in a criminal pleading which might be held bad on a motion to quash, if one was made, are not always sufficient after a verdict of guilty to arrest a judgment." (*City of Kingman v. Berry*, 40 Kas. 625; *The State v. Knowles*, 34 id. 393; *The State v. Ratner*, 44 id. 429.) Although the charge does not fully state the facts and circumstances of the bailment, it fairly indicates the character of the same. It shows who placed the money in his hands, the purpose for which it was intrusted to him, and wherein he has failed to carry out the trust. It fairly states that the money was intrusted to him by Fearn for safe custody, but that, instead of safely keeping the money, he embezzled and converted the same to his own use, and did feloniously steal and carry it away.

We are referred to *The State v. Griffith*, 45 Kas. 142, as sustaining the objection to this information. The sufficiency of the information in that case, however, was raised early in the prosecution by a motion to quash, and, unlike the charge in the present case, the information there failed to allege the name of the person from whom the property was received, the purpose for which it was placed in defendant's hands, or the

conditions upon which he was expected to hold, dispose of, or return it. It was there decided that the defendant was entitled to be informed of the object of the trust, as claimed by the prosecution, and wherein he had failed to conform to that object. That has been sufficiently done in the charge under consideration to resist a motion in arrest of judgment.

The second objection, that the information contains no allegation of intent, cannot be sustained. The charge as stated includes the evil intent of wrongfully appropriating money entrusted to him by Fearn for a specific purpose to his own use, and sufficiently characterizes the intent with which the offense was committed. (*The State v. Smith*, 38 Kas. 194.) It was hardly necessary to allege that the money was embezzled and converted with the intention to embezzle and convert the same. It is difficult to conceive how he could have honestly and innocently embezzled and stolen the money entrusted to him.

The last objection is that the money is not described with sufficient certainty. It is described as "$530 current money of the United States, of the value of $530," . . . "consisting of United States national bills, commonly called greenbacks, and national bank bills, silver certificates, and gold certificates." This description is coupled with an allegation of inability to give the denomination and number of each, or a better description of the money embezzled and stolen. With this excuse for the failure to give a more definite description, the information cannot be held fatally defective, and especially when the objection is not made until after a verdict has been returned. (*The State v. Henry*, 24 Kas. 457; *The State v. McAnulty*, 26 id. 533; *The State v. Tilney*, 38 id. 714.)

The judgment of the district court will be affirmed.

All the Justices concurring.