NORA KEATING

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa March 28, 1896.*

1. CONSTITUTIONAL LAW—*act of 1885, as to continuances in criminal cases, is valid.* The guaranty of the constitution (art. 2, sec. 9,) that the accused shall have the right to meet the witnesses face to face, and have process to compel the attendance of witnesses, is not infringed by the act (Laws of 1885, p. 73,) allowing the State's attorney to stipulate, on a motion for continuance, that an absent witness, if present, would testify as alleged.*

2. INSTRUCTIONS—*assuming material facts—how cured.* An instruction that the possession of stolen property soon after the theft is *prima facie* evidence of guilt and warrants a conviction, unless the other evidence or the circumstances raise a reasonable doubt, is not erroneous as assuming the fact of theft, where that question is fairly left to the jury by other instructions.

3. EVIDENCE—*rule as to reasonable doubt explained.* The rule requiring the jury to be satisfied of a defendant's guilt beyond a reasonable doubt, does not require them to be satisfied, beyond a reasonable doubt, of each link in the chain of circumstances relied upon to establish guilt, but only of the ultimate fact of guilt under the whole evidence.

4. SAME—*identity of bills stolen—what is not a variance.* Proof of the theft of a gold certificate, silver certificates and of national bank bills, called by the witness "State bank notes," is not a variance from an indictment charging the theft of treasury notes, national bank bills and greenbacks.

5. SAME—*government notes stolen are themselves evidence of their value.* Treasury notes, national bank notes and silver certificates which have been stolen, are themselves sufficient evidence of their value.

6. SAME—*genuineness of bank bills—how proved.* The paying teller of a bank may testify to the genuineness of bank bills.

7. SAME—*roll of paper substituted by thief for money is competent.* A roll of paper with a dollar bill wrapped around it, substituted for a roll of money stolen from the person of its owner, may be exhibited in the presence of the jury, in connection with his evidence that he found such a roll in his pocket in place of his money.

---

*The denial of a continuance upon admissions by the prosecution, as affected by the right of the accused to meet witnesses, is considered in a note to *Hoyt* v. *People*, (Ill.) 16 L. R. A. 239.

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. N. C. SEARS, Judge, presiding.

DANIEL DONAHOE, and JAMES HARTNETT, for plain-
tiff in error.

MAURICE T. MOLONEY, Attorney General, (T. J. SCO-
FIELD, M. L. NEWELL, SAMUEL RICHOLSON and GEORGE
BACON, of counsel,) for the People.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

On the evening of January 31, 1895, a man by the name
of Morse B. Davis was met on one of the streets in the
city of Chicago by the plaintiff in error, a prostitute, and
enticed into the private room of a saloon. While there
he and she drank whisky together, and she stole from
him, as is charged by the People, a roll of money amount-
ing to $220.00. Later in the evening, after parting with
her, he discovered his loss, and procured her arrest by
the police. She was taken at once to a police station,
and, upon search being made, $200.00 of the money was
found upon her person. This is an indictment against her
for the larceny of the money. The trial below resulted
in her conviction, and, by the judgment of the court, she
was sentenced to confinement in the penitentiary for the
term of two years at hard labor. The object of the pres-
ent writ of error is to review the judgment thus rendered.

The indictment was found at the January term, 1895,
of the Criminal Court of Cook county. At the following
March term, 1895, the plaintiff in error made an applica-
tion for a continuance of the cause. The first assignment
of error relates to the denial of this application and the
action of the court in relation thereto.

*First*—Plaintiff in error, in her affidavit for a continu-
ance, alleged that there was a woman by the name of
Sarah Cole in Denver, Colorado, by whom she expected
to prove, that, on the evening of the day on which she

was arrested, she sold a diamond ring to said Cole for $200.00, and that said Cole paid her, as the purchase price of said ring, $200.00 "in paper money, in bills," in the ladies' parlor of the Grand Pacific Hotel, and said, while they were dining together, that she was glad to give the money to plaintiff in error, as she had been frightened and "barely escaped being robbed of it by a man." The original affidavit for a continuance was presented to the court and filed on March 5, 1895, at which time the judge stated, that he would adjourn the trial for two days to enable the plaintiff in error to telegraph to Denver and procure the attendance of the witness at the trial in Chicago. The next day, March 6, 1895, plaintiff in error presented a second affidavit, stating that the witness, Sarah Cole, expected to be confined in childbirth in a few days, and could not come to Chicago. Thereupon, the court overruled the motion for a continuance, and required the State's attorney to admit, that Sarah Cole, if present, would testify as alleged in the affidavit.

It is not claimed, on behalf of the accused, that, in this matter of the continuance, the action of the court was not in strict accordance with the "Act to regulate the granting of continuances in criminal cases," approved June 26, 1885, (Laws of Ill. 1885, p. 73; 3 Starr & Cur. Stat. p. 382), but it is contended, that the act in question is unconstitutional as being in contravention of section 9 of article 2 of the constitution, which provides, that "in all criminal prosecutions the accused shall have the right * * * to meet the witnesses face to face, and to have process to compel the attendance of witnesses in his behalf." (1 Starr & Cur. Stat. p. 103). This identical question was presented and considered by this court in the case of *Hoyt v. People,* 140 Ill. 588. We there held, that the act of 1885 was not in conflict with section 9 of article 2 of the constitution, and the reasoning, upon which the conclusion there reached is based, need not be here repeated.

*Second*—It is urged that erroneous instructions were given for the prosecution. One of the instructions claimed to be erroneous is the following:

"The possession of stolen property soon after the commission of a theft is *prima facie* evidence of the guilt of the person in whose possession it is found, and is sufficient to warrant a conviction, unless the other evidence in the case or the surrounding circumstances are such as to raise a reasonable doubt of such guilt."

As a statement of the law, the proposition contained in the instruction is sustained by many authorities, among which are the following: *Smith* v. *People*, 103 Ill. 82; *Unger* v. *State*, 42 Miss. 642 ; *Foster* v. *State*, 52 id. 695 ; *Tucker* v. *State*, 57 Ga. 503; *Brown* v. *State*, 59 id. 456; *State* v. *Turner*, 65 N. C. 592; *Knickerbocker* v. *People*, 43 N. Y. 177; *Commonwealth* v. *Randall*, 119 Mass. 107. It is urged, however, that the instruction assumes, that there was stolen property. It is not denied, that paper money or bills to the amount of $200.00 were found secreted upon the person of the plaintiff in error, but it is said that this money is not conceded to have been stolen. We think that the question, whether or not the property was stolen, was fairly left to the jury when all the instructions are considered together as one charge. The court gave for plaintiff in error the following instructions:

8. "The taking of the property charged against the defendant to have been taken is an essential element of the crime charged, and unless the evidence shows, beyond all reasonable doubt, that the property charged to have been taken was taken, then it is your duty to find the defendant not guilty.

9. "The burden is on the prosecution to prove that Morse B. Davis did own and have possession of, or did have the possession and did have the right to possess, the property alleged to have been from him taken and carried away, and that in this case, unless the evidence shows that Morse B. Davis did own and have possession

of, or did have the possession and did have the legal right to the possession of, said property, it is your duty to find the defendant not guilty.

10. "It is essential to be proven that the property alleged to have been taken from Morse B. Davis was so taken. If, from the evidence, you have any reasonable doubt whether the property was so taken, it is your duty to find the defendant not guilty.

17. "If you believe, from all the evidence, that the defendant received $200 of the money found upon her person at the time of her arrest, from Sarah Cole, it is your duty to find the defendant not guilty. And further, if the evidence tending to show that said money was received from said Sarah Cole raises in your mind any reasonable doubt of the guilt of the defendant, it is your duty to find her not guilty."

If the instructions thus given for the defendant are read in connection with the instruction given for the prosecution, it will be seen that the jury must have understood it to be their duty to determine from the evidence, whether the money found upon the person of the accused was the money that had been stolen from the prosecuting witness, or not. Taking all the instructions together, we are unable to see that the statement of the proposition of law embodied in the instruction complained of could have done the plaintiff in error any harm.

After a careful examination of the instructions given for the prosecution upon the question of reasonable doubt, we find that they conform to the law upon that subject as heretofore laid down by this court in many cases. The third instruction here given for the prosecution corresponds exactly with the sixth instruction given for the People in *Miller* v. *People*, 39 Ill. 457, and there approved of. The rule, requiring the jury to be satisfied of a defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require them to be satisfied, beyond a reasonable doubt, of each link in the chain

of circumstances relied upon to establish the defendant's guilt. "It is sufficient, if, taking the testimony all together, the jury are satisfied, beyond a reasonable doubt, that the defendant is guilty." (*Bressler* v. *People*, 117 Ill. 422).

*Third*—Many objections are made in reference to the admission of testimony for the People. The testimony introduced was all introduced by the prosecution. The defense offered no testimony whatever, except that which, as was admitted by the State, would have been given by Sarah Cole, if she had been present.

It is claimed by counsel for plaintiff in error, that the proof does not support the description of the money stolen as it is given in the indictment. The indictment mentions treasury notes, national bank bills and greenbacks. The witnesses, in describing the bills which the prosecuting witness had, and the bills which were taken from the possession of the plaintiff in error, speak of one gold certificate for $50.00, silver certificates and State bank notes.

So far as the designation of some of the bills as State bank notes is concerned, we are satisfied that the witnesses intended to refer to national bank notes. The prosecuting witness said, that he did not know the difference between a United States treasury note and a national bank bill. There are no bank bills in circulation issued by State banks, strictly so called. Evidently the prosecuting witness here, in calling some of the bills State bank bills, meant thereby bills issued by national banks located in the several States. But, even if this is not so, the proof showed clearly, that one of the bills in question was a gold certificate for $50.00, and that among the bills were silver certificates. Counsel for plaintiff in error claim, that silver certificates are not treasury notes, and that, therefore, the silver certificates proven do not come within the description of United States treasury notes in the indictment. The argument made for the

State in the case at bar contains no discussion upon this point, and is altogether silent as to it. But we are inclined to think, that, while, in a technical sense, silver certificates may not be United States treasury notes, yet they can be here regarded as coming under that designation. These silver certificates are issued by the United States treasury, and are, in effect, certificates of deposit, certifying that the holder has deposited so many silver dollars. The coin deposited for or representing the certificates is retained in the treasury for the payment of the same on demand. (20 U. S. Stat. at Large, p. 26). They correspond with the denominations, to a certain extent, of United States notes. They circulate and pass from hand to hand like other paper money. We have held, that a certificate of deposit is, in fact and in law, a promissory note for the payment of money, (*Telford* v. *Patton*, 144 Ill. 611); and there is no reason why this holding should not be applicable to a certificate of deposit issued by the United States treasury. It was said by the Supreme Court of Kansas: "In order to prevent a failure of justice, considerable latitude should be allowed in charging the larceny of money, because where a parcel of money consisting of a great number of notes or coins is stolen and has not been recovered, the owner will generally be unable to specify with legal certainty the bills and coins taken." (*State* v. *Tilney*, 38 Kan. 714). (See, also, *State* v. *Henry*, 24 Kan. 457; *State* v. *Anderson*, 25 Minn. 66; *Hickey* v. *State*, 23 Ind. 21; *Burton* v. *Brooks*, 25 Ark. 121; *Wesley* v. *State*, 61 Ala. 282).

There was evidence, that the bills in question were genuine and had a value. Treasury notes, as that term is used generally, are legal tenders for the payment of debts, and are, therefore, worth their face value. National bank notes, being redeemable in United States treasury notes, with ample security behind them, must be regarded in law as worth their face value. (*State* v. *Henry*, 24 Kan. 457). Silver certificates, though not legal

tenders, are receivable for all public dues. Their value is fixed by law, and their production in evidence, if genuine, authorizes the jury to infer their value. (*Collins* v. *People*, 39 Ill. 233).

There was sufficient evidence of the identification of the money. There was no error in permitting the paying teller of a bank to testify as to the genuineness of the bills, as he had made the subject a matter of study, and was qualified by experience to give an opinion. The opinion of a banker is admissible as to the genuineness of a bank note. (*Crawford* v. *State*, 2 Ind. 132; *May* v. *Dorsett*, 30 Ga. 116; *Atwood* v. *Cornwall*, 28 Mich. 336).

When the prosecuting witness and plaintiff in error were in the saloon together drinking, she excused herself for a moment and left his presence. Subsequently he felt in his pocket what he supposed to be the roll of bills, and which he had exhibited in the saloon. Upon going to the depot, however, later in the evening, he discovered in his pocket a roll or wad of toilet-room paper with a one-dollar bill wrapped around it. This roll with the dollar bill was exhibited in court upon the trial, and that it was there produced is complained of. It had evidently been substituted for the real money, and was a part of the means used to deceive the victim and divert attention from the robbery. It was shown to the prosecuting witness when on the stand, and he was asked if that was the roll which he described in his evidence as having been found in place of his money, and he identified it as such. This was objected to, the objection was overruled, and exception was taken. It is assigned as error, that the court permitted this roll to be exhibited in the presence of the jury. We do not regard the action of the court in this respect as erroneous. We said in *Springer* v. *City of Chicago*, 135 Ill. 552: "It is a common practice in the trial of causes in the circuit court to permit parties to produce things before the jury for their inspection, and that practice has been approved;" and,

among the illustrations there given of things permitted to be produced, were the tools used by a burglar where a burglary had been committed. (See, also, *Spies* v. *People*, 122 Ill. 1).

After a careful examination of the record, and a careful consideration of the earnest and able argument presented by counsel for the accused, we find no error which would justify us in reversing the judgment.

Accordingly, the judgment of the Criminal Court of Cook county is affirmed.     *Judgment affirmed.*