Vookhees, J.
Plaintiff in error is indicted, tried, and convicted, under *25 section 6842, Revised Statutes, which provides among other things, that
“An agent or employe of any person (except apprentices and persons under the age of eighteen years) who embezzles or converts to his own use, or fraudulently takes or makes away with, or secretes with intent to embezzle or convert to his own use, anything of value which shall come into his possession by virtue of his employment as such agent or employe, is guilty of embezzlement, and shall be punished as for the larceny of the thing embezzled,”
The indictment in a single count charges.
“That John W. Mitchell did,on the 20th day of September, 1897, at the county of Muskingum and state of Ohio, unlawfully and fraudulently embezzle and convert to his own use, certain personal property of value in this, to-wit, that the said John W. Mitchell, being on the said 20th day of September,A. D. 1897, the agent and employe of one Leonard Guist, he, the said John W. Mitchell, not being then and there a person within the age of eighteen years,and not being then and there an apprentice, eleven sheep (a more particular description of which said eleven sheep said grand jurors are unable to give) of the value of thirty dollars, the personal property of,and belonging to, the said Leonard Guist did unlawfuly and fraudulently embezzle and convert to his own use, without the consent of the said Leonard Guist,his employer, and without the assent of any owner or owners of said personal property.”
To this indictment, .the plaintiff in error filed a general demurrer, assigning two grounds.
First. That the indictment is defective in matters of substance, in not charging that the defendant appropriated the property wilfully, feloniously, and with intent to steal or embezzle the same.
Second. That the indictment is defective for duplicity, in joining two offenses in one count in this: That in the description of the employment of the defendant at the time the offense of embezzlement was committed, he was the agent and employe of the owner of the property embezzled. Both agent and employe are named in the statute, as descriptive of persons who may commit the offense of embezzlement.
The common pleas court overruled the demurrer, holding that neither ground was well taken.
*26 The defendant pleaded not guilty, and on conviction, he prosecutes error to this court, alleging that the court erred:
First. In overruling the demurrer to the indictment,
Second. That the verdict of the jury is not supported by the evidence, and is against the weight of the evidence,and contrary to law.
Third. That the court erred in its charge in not directing the jury as to the weight they should give to the testimony of the witness Mclntire, who was indicted jointly with Mitchell, as an aider and abetter.
There being no common law offenses in this state, the crime of embezzlement was created by statute; therefor, in deciding the question submitted, we must be governed by the statute. In setting out a statutory offense, it is sufficient to describe it in the words of the statute, with a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to show that the statutory offense has been committed by the party therein named, and to inform him as to'what is intended. “The cases are few and exceptional”, says Foster, J., in Com. v. Raymond, 97 Mass. 569, “in which an indictment which follows the words of the statute will be held to be insufficient.”
The word “embezzle” has a well defined meaning, In the Century Dictionary, “embezzle” is defined as the act “to steal slyly; purloin; filch; make off with; toappropriate fraudulenty to one’s own use, what is intrusted to one’s care; apply to one’s private use by a breach of trust, as a clerk or servant who misapplies his master’s money or valuables. ”
Counsel for plaintiff in error contends that in every crime or public offense, there must be a joint operation of act and intent; and that words “with intent to embezzle or steal” should have been set forth in the indictment.
The intent which is mentioned in the text books on criminal law, as essential to constíute a crime, is not necessarily an evii or wrongful intent, beyond that which is involved in the prohibited act. Whatever one voluntarily does, he of course intends; and, whenever the statute has made that act criminal, the party voluntarily doing the prohibited act is chargeable with the criminal intent,and the section of the statute defining embezzlement (Sec. 6842) does not make in *27 tent an element of the crime of embezzlement, and not being an element of the crime, it is not necessary to allege that the act was intentionally done as a constituent part of the crime. Com. v. Ewell, 3 Met. (Mass.) 190; Bish. St. Crimes, section 250.
Bishop on Criminal Porcedure, Vol. I Sec. 523, says:
“It is perhaps safe to say that in all cases where a statute ■creates an offense, and mentions some intent as an element therein, the indictment must follow these statutes in this particular, and specify the intent, On the other hand as •a general proposition, if the statute is silent concerning the intent, there need be no intent alleged in the indictment.”
The offense consists in the violation of the law, not in the intent or motive by which the party is actuated.
Sedg. St. Const. 80, and authorities there cited.
Tn the case of State v. Combs, 47 Kans. 136,s. c. 27 Pac. Rep. 818, it is said:
“The second objection, that the information contains no ■allegations of intent, cannot be sustained. The charge, as ■stated includes the evil intent of wrongfully appropriating money, intrusted by Fearn for a special purpose, to his own use, and sufficiently characterizes the intent with which the ■offense was committed.”
In State v. Noland, (Mo. Sup.) 19 S. W. R., 717, the court said:
“It is next objected that the indictment is insufficient for failure to aver tbe intent with which the defendant converted the money to his own use. * * * It has generally been ruled under similar statutes, that an indictment substantially charging the crime in the terms of the statute is •sufficient. ”
In the case of Leonard v. State, 7 Tex. App., 435, it is said:
“It is no part of the description of the offense of embezzlement, as in theft, that it was taken with the intent to deprive the owner of the property or its value, or to appropriate it to the benefit of the taker, ”
In Holsted v. State, 41 N. J. Law 589, Beasley, C. J., speaking for the court, said:
“Nothing in the law is more incontestable-than that, with xespect to statutory offenses, the maxim that crime proceeds *28 only from a criminal mind does not necessarily apply. The cases are almost without number that vouch for this.”
The case of State v. Hopkins, 56 Vt. 260, was an indictment for embezzlement, and in passing upon the question of intent, the court said:
“The remaining question in respect to the charge is the one relating to the intent of the respondent in doing the alleged act. Was it necessary that he should have acted fraudulenly and feloniously, that he should have the intent to steal, that he should have a heart void of social duty, and been fatally bent on mischief? We think not.”
The statute, section 6842, under which this indictment was drawn, says that
“An agent * * * who embezzles or converts to his own use,or fraudulently takes or makes away with,or secretes with intent to embezzle or convert to his own use, anything of value” etc. It is urged that there should, under the statute, have been an allegation in the indictment as to the intention with which the embezzlement was done.
The supreme court of Florida, in the case of Thalheim v. State, 20 South. R., page 938, in construing a statute very similar to section 6842, uses this language, at page 449:
‘‘The twenty-ninth assignment of error is that the court erred in overruling defendant’s motion in arrest of judgment. This motion is predicated upon alleged defects in the indictment. The statute under which this indictment is drawn provides that ‘If any * * * agent * ’ * * embezzles or fraudulently converts to his own use, or takes or secretes with intent to do so, * * * any property,’ etc. It is argued that there should, under the statute, have been an allegation in the indictment as to the intention with which the embezzlement was done. We construe the phrase ‘‘with intent so to do” to refer to the taking or secreting of property; construed with other portions of the statute, it was intended to provide a penalty for the taking and secreting of property by a party with the intent to embezzle it or convert it to his own use, The phrase does not refer to the act of embezzlement. To sj construe it, we would have a nonsensical provision, making it criminal for a party to embezzle and fraudulently convert property to his own use, with the intent to embezzle it or fraudulently convert it to his *29 own use. State v. Combs, 47 Kans. 136; s. c, 27 Pac. Rep. 818.
Many authorities are cited by counsel to the effect that, where a statute makes the intent with which the act is done a part of the description of the offense, the indictment should allege the act was done with the criminal intent. These authorities have no bearing upon the present indictment. They would be applicable to an indictmment for taking and Beoreting the property with the intent to embezzle it, and in such case, according to such authorities, it would be essential to charge the intent with which the act was one. But, as the indictment is for the embezzlement itself, it is not necessary to charge the intent with which the act was done. Rap. Lar., section 383.”
The charge in the case at bar is not one for secreting property with intent to embezzle, but the indictment charges the defendant with having unlawfully and fraudulently embezzled and converted the property described to his own use, so the reason of the court in Thalheim v. State, supra, is in point on the question of intent.
In State v. Cunningham (Sup. Court of Mo.), 55 South Western Rep. page 282, the court says:
‘‘No one can be convicted of a felony in the absence of an intent to do a criminal act, but such intent in case of embezzlement may be inferred from a felonious or fraudulent conversion; citing State v. Nolan, 111 Mo. 474, 19 S. W. 715; Dotson v. State, 51 Ark. 119, 10 S. W. 18; People v. Wadsworth, 63 Mich. 500, 30 N. W. 99.
A casual reading of the case of State v. Cunningham, supra, might seem to support the contention of counsel for plaintiff in error. But it will be observed that the court recognizes that a fraudulent conversion of property by one in whose custody it is as agent, is guilty of embezzlement. The criminal intent may be inferred from a fraudulent conversion. • •
This principle is recognized by the supreme court of this state, in State v. Kusnich, 45 Ohio St., 534. The criminal intent was sufficiently charged in that case by the allegation that the defendant fraudulently and feloniously embezzled and converted to his own use the property.
Without the citation of further authorities, we are of the *30 opinion that the first ground of demurrer is not well taken, and the court did not err in overruling the demurrer.
Second. Is the indictment defective for duplicity?
The statute of embezzlement makes punishable, the doing of certain things by persons holding different positions of trust, such as agent, servant, or employe, etc. Where in one transaction, the person is described as occupying two or more positions of trust, which are not inconsistent, as agent and employe, he may be charged with violating the statute in both capacities without rendering the complaint double; and the charge will be established at the trial by proof that the defendant was either the one or the other,or both. State v. Conner, 30 Ohio St., 407; Hale v. State, 58 Ohio St., 676; Watson v Stat, 39 Ohio St., 123; Bishop on Stat. Crimes, section 244, 1 Bishop’s New Crim. Proc., section 436.
Mr. Bishop, in his new Criminal Procedure, section 586, says:
“To repeat what was explained in another connection,if a statute makes criminal the doing of this, or that, mentioning several things disjunctively, there is but one offense, which may be committed in different ways; and in most instances all may be charged in a single count. But the conjunction “and” must ordinarily in the indictment take the place of “or” in the statute, else it will be ill as being uncertain.”
We are not aware of any technical significance, the words “agent” and “employe” have that would render them repugaant or inconsistent; and either of them might characterize an embezzlement, and properly describe the party committing it. One can be an agent and employe of the same person, having in his care and control, as such, the ■same property, and could unlawfully and fraudulently convert it to his own use. So we think here, the pleader, from the .whole indictment, intended to charge a conversion to defendant’s own use,as agent and employe of Leonard Guist, of his property without his consent.
Hence there is no misjoinder of offenses,nor is the indictment bad for duplicity.
Therefore, the second ground of demurrer is not well taken, and the court did not err in overruling the same.
*31 Third. This brings us to .the consideration of the case ¡as presented in the record by the bill of exceptions, and the -inquiry will embrace several propositions.
The material and essential allegations of the indictment which were necessary for the State to prove, briefly stated ¡are:
First. That John W. Mitchell, on or about September '20th, 1897, was a person over eighteen years of age; was -not an apprentice,and was the agent or employe of Leonard Guist.
Second. That, being such agent or employe, and by virtue of his employment, he then had in his possession and under his care and control, the eleven sheep described in ¡the indictment; that they were the property of Leonard ■Guist, and were of some value; that said sheep, so in his ■possession, were, in this county, about September 20th, 1897, wrongfully, fraudulently, and unlawfully sold and ■ converted by him to his own use, without the consent of the owner.
If these facts were established on the trial by that degree ■ of proof required in criminal cases, and no other errors appearing, the judgment of the court below should be ¡affirmed.
Our first inquiry will be: Was Mitchell the agent or employe of Guist? The agency or employment had reference to the management and control of stock, including sheep, •on the farm of Guist in Muskingum county, this state. There is really no controversy as to the agency; Mitchell himself claims he had the right to the possession, care, and ■control of the personal property of Guist upon his farm; that his authority went to the extent of buying, selling, and dealing in stock upon the farm. So far as the question ■of agency is concerned, the proof is beyond all doubt. That the property described in the indictment, namely ■eleven sheep, were Leonard'Guist’s, and were at the time ■charged in Mitchell’s possession and under his control as •said agent and employe, are 'facts equally well established by the proof.
It is not material to inquire as to the scope of Mitchell’s authority to buy and sell property, including sheep for Guist; he does not claim he sold the sheep as the property *32 of Guist. His contention is that the sheep in question belonged to him, and not to Guist. Hence the question of. authority or want of authority to sell them as such agent or employe is immaterial.
The important question under these respective claims and facts is: Were the sheep that Mitchell sold to Haney as his own, at the time charged in the indictment, the property of' Leonard Guist, and did he know they were when he so sold them to him?
From the testimony, as shown by the record, but one conclusion can be reached, and that is that the eleven sheep, sold by Mitchell to Haney on or about the 20th of September, 1897, belonged to Guist, Were they wrongfully and fraudulently converted by Mitchell to his own use?1 Mitchell, in attempting to account for his possession and ownership, and how and where he got them, made different and conflicting statements. On one occasion, he claimed he bought them from Mclntire; at ancither time, he-claimed he had gotten them over at Duncan’s Falls, paid for them partly with a watch. The testimony in the record' tends strongly to show the falsity of both claims. Mclntiretestified that he did not sell these sheep to Mitchell. Another witness testified that Mitchell told him he had bought the sheep at Duncan’s Falls, and when he, Mitchell, is confronted with the statement, the only answer he makes is, he did not remember making such a statement. At the trial-he did not claim, nor did he attempt to prove, that he bought the sheep at Duncan’s Falls, as he had told the-witness he had.
The well recognized rule of law as to possession unexplained of stolen property will apply here: That, where a burglary has been committed in connection with a larceny, and the stolen property immediately or soon thereafter is found in the actual and exclusive possession of a person who gives a false account or refuses to give any account of the manner in which he came to the possession, proof of such possession and guilty conduct is presumptive evidence, not only that he stole the property, but that he made use-of the means by which access to it was obtained. Davis v. The People, 1 Parker’s Crim. Rep., 447, 451; Burrell on Circumstantial Evidence, page 456.
*33 Fourth. It is contended by counsel for plaintiff in error, that the witness Mclntire was an accomplice, aider, and abetter to this crime, having been jointly indicted with Mitchell, and, therefore, his testimony could not be regarded by the jury. The records show that Mclntire, at the close of the testimony for the state, on his motion, was discharged. He testified on rebuttal for the state after he was so discharged. After he was discharged, he was no longer in contemplation of law an accomplice, But, suppose he had not been discharged, being an accomplice does not necessarily destroy his testimony; it only goes to his credibility. Brown v. State, 18 Ohio St. Reports, 496.
In Brown v. State, the court held:
“Where separate trials are awarded to parties jointly indicted, each is a competent witness for the state upon the trial of the other, wühouf being first acquitted or convicted, and without a nolle pf'osequi being first entered upon the indictment.
The fact that such accomplice has committed perjury on a former examination, touching the same subject matter, even where he admits the facts upon his present examination, but where he has not been legally convicted of the perjury, only affects his credit and does not render him incompetent, or necessarily render his testimony incredible.”
Fifth. It is further contended that there is error in the charge of the court, because the court did not instruct the jury as to what consideration they should give to the testimony of Mclntire, the alleged accomplice. There was no request made by counsel that the court should so charge, and in the absence of such request, the court was not bound to charge upon a subjecgt not necessarily involved in the issue submitted to the jury.
It is not error for the court to omit to instruct the jury on a point of law arising in the case, unless instructions are asked by counsel. Taft v. Wildman, 15 Ohio 123; 20 Ohio, page 34; Hill v. Luding et al., 46 Ohio St. 375, 377.
There being evidence tending to establish all the material elements of the crime of embezzlement charged against the plaintiff in error, with a careful charge by the court as to *34 the law, resulting in a verdict of guilty, and finding no error in the record, the judgment is affirmed.
McHenry & O'Neal, and A. J. Andrews,lor Plaintiff in Error.
George K. Browning, Pros. Atty.; JR. JL. Holland, for' State.