No. 20,375.

THE STATE OF KANSAS, *Appellee*, v. HENRY BAUMAN, *Appellant*.

SYLLABUS BY THE COURT.

EMBEZZLEMENT BY AGENT — *Sufficient Information*. The amended information, while omitting the expression "without the assent of his employer" (Crimes Act, § 88, first part, Gen. Stat. 1909, § 2578), also the words "unlawfully, feloniously and willfully," charged that the defendant, being the agent, employee, clerk and servant of C, and "after having received the said sum of $47.56 as such agent, employee and servant of the said . . . and did then and there make way with, secrete, embezzle and convert to his own use the said sum of $47.56, so coming into his possession as aforesaid; contrary to the form of the statutes" etc. The defendant was convicted of a misdemeanor only. *Held*, that in view of the natural meaning of the language used the defendant was not materially prejudiced by the omissions complained of.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed October 7, 1916. Affirmed.

*W. R. Hazen*, and *H. W. Page*, both of Topeka, for the appellant.

*S. M. Brewster*, attorney-general, *W. E. Atchison*, county attorney, and *R. D. Garver*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant was charged with embezzling sums amounting to $47.56 and was convicted of embezzling an amount less than $20. A motion to quash was overruled. A motion to elect between the first and last parts of section 88 of the crimes act (Gen. Stat. 1909, § 2578) was sustained, the state standing upon the first part of such section. The information was then amended and refiled, certain parts thereof being ordered stricken out by the court. Another motion to quash was overruled, likewise a motion to discharge the defendant. A motion to direct a verdict of acquittal and another to arrest the judgment were likewise denied.

The points presented by the appeal are that the information thus affected omitted the words "unlawfully, feloniously and

wilfully" and the expression "without the assent of his employer," or its equivalent. It is conceded by the state that the first expression was inadvertently ordered out, and it is claimed that the omission of the allegation that the embezzlement was without the permission of the defendant's employer was rendered harmless by other language remaining in the charge, and it is suggested that the defendant having induced the court to strike certain language from the information should not be heard to take advantage of the remainder thereof as insufficient. It is further suggested that nothing was really stricken from the information but certain words indicated by pencil marks were merely ordered to be stricken out, and that at any rate no serious harm was done in view of the minor offense of which the defendant was convicted.

It is to be regretted that any criminal case should be tried upon an information bearing the facial appearance of the disfigured original which is brought up for our examination. It is so difficult to see how the crime of embezzlement can be committed without being unlawful and willful, and if involving more than $20 also felonious, that we do not deem the omission of these adjectives either fatal or seriously material under the circumstances now presented.

The other matter is not so easy. Section 2578 of the General Statutes of 1909 makes it an essential ingredient of the crime that the embezzlement or the conversion to the use of the agent, clerk, or employee must be "without the assent of his employer," and while it might seem anomalous, if not absurd, to suggest that such a thing as embezzlement with the consent of the employer could be possible, still the legislature has so worded this section, and it was said in *The State v. Yeiter,* 54 Kan. 277, 38 Pac. 320:

"The defendant can be held criminally liable only for the money or property of the firm which he embezzled or converted to his own use without the assent of the firm." (p. 283.)

While strictly speaking embezzlement negatives the idea of consent, this is because the very word implies and includes a wrong or fraud against the owner of the fund. But to take, make way with, secrete or convert to his own use money in his hands would not necessarily render an agent criminally liable

unless the assent of the owner were wanting. And when to these statutory terms is added the other of "embezzled" then the entire charge of necessity implies a lack of assent. (*The State v. Combs,* 47 Kan. 136, 139, 27 Pac. 818; *The State v. Patterson,* 66 Kan. 447, 449, 71 Pac. 860.)

The rule that the language of the statute substantially. followed is sufficient in an information is too familiar to require citations.

The defendant was convicted of a misdemeanor only, and the majority of the court hold that he was not materially prejudiced by the omission of the express allegation that his acts were without the assent of his employer as the language used bears substantially the same significance

The judgment is therefore affirmed.

JOHNSTON, C. J., and PORTER, J., dissenting.