No. 38,791

THE STATE OF KANSAS, *Appellee,* v. JOHN W. SMITH, *Appellant.*
(252 P. 2d 922)

Opinion filed January 24, 1953.

*Donald C. Smith* and *Fred Hall,* both of Dodge City, were on the briefs for the appellant.

*Harold R. Fatzer,* attorney general, and *L. John Callahan,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from a conviction of arson in a prosecution brought under G. S. 1949, 21-584, the provisions of which make it a felony for any person willfully, and with intent to defraud the insurer, to aid, counsel or procure the burning of any

personal property, either of such person or owned by another, when at the time such property is insured against loss or damage by fire.

Defendant John Smith, and Alvin Leroy Smith are brothers. Frank Smith is their father. In the summer of 1950, John, Alvin and Frank were operating as custom cutters in the western Kansas wheat harvest. Defendant John owned a 1940 ton and a half truck. His father owned a tractor and 12-foot combine. On July 17th, the three of them went to an insurance agency in Dodge City, at which time and place defendant purchased a $900 policy of fire and collision insurance on his truck. His father purchased an $800 policy on the tractor, and a $2,240 policy on the combine. Four days later, the truck and tractor were destroyed by fire on a highway west of the town of Lakin. The defendant and his father, Frank, were charged in separate informations, under the mentioned statute, with the offense of aiding, counseling, and procuring the burning of the truck and tractor. His brother, Alvin Leroy Smith, was charged separately, under the mentioned statute, with burning the property.

On March 10, 1952, the first day of the March term of the Kearny county district court, the three mentioned cases were called and set for trial. At that time, none of the defendants were represented by counsel, their attorney not being present in court. The trial court then appointed counsel for the defendants and granted a recess in order for the duly appointed counsel to confer with the defendants.

Alvin Leroy's case was tried first, beginning on March 11th, at the conclusion of which John's trial began on the afternoon of March 12th. Both defendants were found guilty as charged in the informations filed against them, and each have filed separate appeals to this court.

Their specifications of error are, for the most part, identical. In the instant case, defendant presents eight specifications of error: (1) The trial court erred in forcing defendant to go to trial with a court-appointed attorney without affording defendant an opportunity to have his paid counsel in attendance; (2) the trial court erred in holding that the defendant had the burden of proving that a purported confession was not made voluntarily; (3) in admitting a purported confession not made in the presence of the defendant; (4) in failing to instruct the jury as to the manner in which it should consider the purported confessions of Leroy Smith and Frank

Smith not made in the presence of the defendant; (5) in permitting witness Turner to testify as to his opinion on whether the fire was set; (6) in admitting into evidence any of the purported confessions; (7) in overruling defendant's motion for a new trial; and (8) in failing to make an inquiry on its own initiative concerning defendant's sanity, in the light of the facts developed prior to or during the trial.

The evidence upon which all but one of the specifications of error is based, and the conclusions of law thereon, may be found in the companion case of *State v. Smith,* No. 38,790, 173 Kan. 807, 252 P. 2d 917, this day decided, and it would serve no useful purpose for us to reiterate the facts in the instant case, and rediscuss the specifications of error, when they have been so well treated. The one exception is specification of error number 8, dealing with the question of defendant's ability to comprehend his position during the trial.

Did the trial court commit reversible error in failing to make an inquiry on its own initiative concerning defendant's sanity, in the light of the facts developed during or prior to the trial?

It is a well-settled rule in this state that whenever counsel for defendant or the state becomes possessed of knowledge of a defendant's lack of mental capacity to comprehend his situation or to properly make his defense, it becomes the duty of each to promptly bring the matter to the attention of the court. If the court learns from observation, reasonable claim or credible source that there is real doubt of defendant's mental condition to comprehend his situation or make his defense it is the duty of the court to order an inquiry concerning the matter. It is the trial court in whose mind a real doubt of sanity or mental capacity to properly defend must be created before that court is required to order an inquiry solely on its own initiative. The necessity for an inquiry under such circumstances addresses itself to the discretion of the court and its decision will not be disturbed in the absence of abuse of sound judicial discretion. (*State v. Collins,* 162 Kan. 34, 174 P. 2d 126.)

No claim was made in the trial court that defendant was insane or incapable of making an adequate defense. Neither defendant nor his counsel requested the court to make an inquiry for the purpose of determining capacity or mental condition.

A careful examination of the record fails to reveal any facts or circumstances sufficient to place the court in a position to inquire,

and it was never intimated by anyone, before or during the trial, that the defendant's condition was such as would indicate insanity. There was not the remotest claim of insanity, and it can not now be seriously contended there is anything in the record to show that defendant was insane or that he lacked capacity for any reason, during the trial, to make an adequate defense.

The judgment is affirmed.

Smith, J., not participating.