No. 42,457

STATE OF KANSAS, *Appellee,* v. VIRGIL EUGENE KELLY, *Appellant.*

(391 P. 2d 123)

Opinion filed April 11, 1964.

*James E. Fussell,* of Leavenworth, argued the cause and was on the briefs for appellant. Appellant was on the brief *pro se.*

*Edward J. Chapman, Jr.,* County Attorney of Leavenworth, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: On August 3, 1960, while the defendant, Virgil Eugene Kelley, was confined at hard labor in the Kansas State Penitentiary at Lansing for a term less than life, and while working outside the walls of the prison as a trusty, he escaped. He was apprehended and returned to the custody of the warden to serve the sentence previously imposed. Thereafter the defendant was charged, tried and convicted by a jury in Leavenworth County with the violation of G. S. 1949, 21-734 which makes it a felony to escape from the custody of prison officials under the foregoing circumstances and prescribed a penalty of not exceeding three years, to commence at the expiration of the original term of imprisonment.

Following the trial the defendant, by and through his attorney, filed a motion for a new trial which was considered by the district court on November 18, 1960, and overruled. On the same day, the court imposed sentence upon the defendant in accordance with the provisions of G. S. 1949, 21-734, and sentenced him to confinement at hard labor in the Kansas State Penitentiary for a term not exceeding three years, the sentence to begin at the expiration of the original sentence then being served by the defendant.

The defendant timely filed this appeal *pro se* and prepared and filed his abstract and brief pursuant to Rule No. 5 of this court. Upon his application to the district court in accordance with Prefatory Rule No. 1 (f) (192 Kan. II) for the appointment of counsel to prosecute his appeal, the court appointed Mr. James E. Fussell, an able and experienced member of the Leavenworth County Bar.

We shall refer to the parties as the state and the defendant.

Following his appointment, counsel filed a supplemental brief on behalf of the defendant presenting two questions in addition to those set out in the defendant's brief *pro se.* The questions arise out of testimony given by the defendant on cross and redirect examination during the trial, to the effect that he had served in the Navy; that during his Naval service he had trouble with his mental faculties; that he had received mental treatment while in the service, and that he was given an honorable medical discharge from the

Navy for his mental condition. It is first claimed the district court erred in not stopping the trial and ordering a commission appointed pursuant to G. S. 1949, 62-1531, to examine the defendant to determine whether he was insane, unable to comprehend his position, and make his defense. It is further claimed that the defendant's trial counsel improperly represented him when he failed to ask the court to stop the trial and request the appointment of a commission pursuant to the statute to determine the defendant's sanity.

The question of the competency of any defendant tried for a felony is a most vital matter. It is the policy of the law of this state not to try persons while they are insane. Our statute, G. S. 1949, 62-1531, and our decisions, *State v. Ossweiler*, 111 Kan. 358, 207 Pac. 832; *State v. Brotherton*, 131 Kan. 295, 302, 291 Pac. 954; *State v. Lammers*, 171 Kan. 668, 237 P. 2d 410, and *State v. Severns*, 184 Kan. 213, 336 P. 2d 447, contemplate that when an accused is afflicted with any of the types of insanity or mental disability specified in the statute, or any claim is made in his behalf that he is so afflicted, either before, or during the trial and before the verdict is rendered, it becomes the duty of the court and counsel of record to ascertain by one of the statutory methods whether he is in a fit mental condition to be proceeded against. It is a basic requirement of our law that a proper determination of the competency of the defendant should be made in every case where a real doubt is raised as to his competency. In *State v. Badders*, 141 Kan. 683, 42 P. 2d 943, it was said:

". . . When during a trial it is brought out by the testimony of any witness, or is called to the attention of the court by anyone connected with the case, that the defendant then on trial is insane, or that there is a serious question as to his sanity at that time, it is the duty of the court to stop the trial and make an inquiry concerning that matter. (*State v. Detar*, 125 Kan. 218, 263 Pac. 1071.) . . ." (l. c. 686.)

When a proper showing of insanity is made, the law in effect makes the application for an inquiry for the defendant. No formal application is necessary under such circumstances. (*State v. Brotherton*, supra; *State v. Ossweiler*, supra.)

The same question here urged was presented in *State v. Collins*, 162 Kan. 34, 174 P. 2d 126, and it was said:

"From these salutary and humane principles this court has no desire to detract. They are justly designed for the protection of persons to be tried for crimes when they are incapacitated to properly defend themselves. On the other hand, they are not intended to furnish a technical means of nullifying

just verdicts solemnly reached by judicial process. In order to reverse the trial court on the instant complaint we would be obliged to hold, as a matter of law, the record compelled the trial court to entertain a real doubt with respect to appellant's sanity or capacity to make a proper defense. The question of such doubt addressed itself to the sound discretion of the trial court. It was the trial court in whose mind a real doubt of sanity or mental capacity to defend had to be created. . . ." (l. c. 39.)

See, also, *Brewer v. Hudspeth*, 166 Kan. 263, 269, 200 P. 2d 312, and *State v. Smith*, 173 Kan. 813, 815, 252 P. 2d 922.

In applying our statute (G. S. 1949, 62-1531) the test of a defendant's sanity is not the so-called M'Naghten or "right and wrong" rule. That rule concerns sanity in the sense of criminal responsibility for an act. (*State v. Hickock & Smith*, 188 Kan. 473, 363 P. 2d 541; *State v. Latham & York*, 190 Kan. 411, 428, 375 P. 2d 788.) The question here presented concerns sanity for the purpose of being triable. Sanity in this respect is determined by appraising the present ability of the defendant to understand the nature and purpose of the proceedings taken against him and his ability to conduct his own defense in a rational manner. (*State v. Brotherton*, supra; *State v. Badders*, supra.) If the district judge has a real doubt as to the sanity of the defendant, or from his observation, reasonable claim, or credible source, he concludes there is a real doubt as to the defendant's mental condition to comprehend his situation or make his defense, it is the duty of the judge to order the inquiry even though not requested. (*State v. Collins*, supra; *Brewer v. Hudspeth*, supra.)

As previously indicated, whether a district court on its own initiative should order an inquiry into the defendant's sanity is a matter addressed to its sound judicial discretion, and its decision will not be disturbed in the absence of an abuse of that discretion. (*State v. Collins*, supra; *State v. Smith*, supra; 23 C. J. S., Criminal Law, § 940 [2] [b]; 142 A. L. R. 966.) The defendant has the burden in this respect (5 Am. Jur. 2d, Appeal and Error, § 775, p. 218; 5A C. J. S., Appeal and Error, § 1584, p. 38) and a strong showing is required to show an abuse thereof. (*People v. Gomez*, 41 Cal. 2d 150, 258 P. 2d 825.) In *State v. Penry*, 189 Kan. 243, 245, 368 P. 2d 60, it was held that the presumption that an accused is sane and responsible for his acts exists until the contrary is shown by sufficient evidence. Where, as here, it is urged that the district court had, or should have had, a doubt as to the present sanity of the defendant,

the court's failure to order the inquiry on its own motion is aided by that presumption.

At most, the defendant's testimony related to his condition when he received a discharge from the Navy in 1947; it did not relate to his condition at the time of the trial, and there was no evidence he was experiencing mental difficulty at that time. No claim was made before or during the trial that the defendant was insane or incapable of making an adequate defense, nor did his testimony indicate his incapacity to do so at that time. Under these circumstances, it would be somewhat stronghanded to conclude the district court abused sound judicial discretion in failing to order an inquiry to determine the defendant's sanity under the statute. A careful analysis of the record convinces us that although it might have been proper to have had an inquiry, we are not prepared to say the district court abused sound discretion in not ordering it. As in other cases involving factual questions, the district judge is in a far better position to view and evaluate the acts, demeanor and capacity of a defendant than is this court. (*State v. Collins,* supra.)

With respect to the contention that the defendant was not properly represented by his counsel by reason of his failure to request a sanity hearing, we need only say that the record fails completely to support the contention. We cannot say, as a matter of law, the record compelled the district court to entertain a real doubt with respect to the defendant's sanity or capacity to make a proper defense, or that because his counsel did not request such a hearing, he was given inadequate representation at the trial by his attorney. On this point see *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.

We turn now to points raised by the defendant's brief *pro se.* He first contends that he was, ". . . twice placed in jeopardy by the Kansas Legislature who passed a Statute in 1957, Allowing the Kansas State Board of Parole and Probation to remove from his sentence 383 good days earned, for the same offense. . . ." Following his apprehension and his return to the custody of the warden, the Board of Probation and Parole (G. S. 1961 Supp. 62-2228), through administrative action took from the defendant "383 good days" credit which he had earned in serving the original sentence. He claims that the legislature may not enact two laws and invoke both of them on an individual for the same offense, that is, it may not enact a statute defining a crime (escape) and providing punishment therefor, and also enact a statute empowering a board to take away good time earned on his original sentence because he escaped.

It is evident that the question of work and good behavior credits which the defendant may have earned while serving the original sentence is not an issue in this appeal. It is further evident that the defendant was not subjected to double jeopardy under section 10 of the Bill of Rights of the Constitution of Kansas when he was prosecuted for escape. (G. S. 1949, 21-734.) He was placed on trial only once for the offense, and the jury found him guilty. (*In re Brown,* 139 Kan. 614, 622, 32 P. 2d 507.) See, also, *State v. Carte,* 157 Kan. 673, 143 P. 2d 774, and *Lawton v. Hand,* 186 Kan. 385, 350 P. 2d 28.

The defendant next claims that the information was insufficient to allege a public offense, and that the court erred in not sustaining a motion to dismiss the proceedings for lack of evidence. The point is not well taken. The information was substantially in the language of the statute (G. S. 1949, 21-734), and that is sufficient. (*State v. Harris,* 150 Kan. 536, 95 P. 2d 269; *State v. Hill,* 189 Kan. 403, 412, 369 P. 2d 365, 91 A. L. R. 2d 750.) Furthermore, the evidence amply supported the jury's verdict finding the defendant guilty of the crime alleged in the information.

The defendant lastly contends that his attorney was incompetent and did not adequately represent him because he failed to ask for a bill of particulars prior to the trial requesting pertinent data such as the date and time and place of escape. There is no merit in the contention. The information alleged that on August 3, 1960, in Leavenworth County, the defendant, there being confined at hard labor in the Kansas State Penitentiary for a term less than life, and while working outside the walls of the prison as a trusty, did unlawfully, willfully and feloniously escape therefrom. It is only in the rarest of instances that this court has approved the filing of a bill of particulars requesting the state to plead further with respect to the public offense charged. Such a pleading would serve no useful purpose in the instant case. The information was specific with respect to all allegations necessary to advise the defendant of the crime with which he was charged, and to enable him to prepare his defense.

We have fully reviewed the record, and finding no reversible error we affirm the judgment of conviction.

It is so ordered.

FONTRON, J., not participating.