No. 48,107

VELMA C. OUTLAND, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(548 P. 2d 725)

Opinion filed April 10, 1976.

*Ira Kirkendoll,* public defender, of Topeka, and *Donald W. Rupert,* legal intern, were on the brief for the appellant.

*Curt T. Schneider,* attorney general, and *Gene M. Olander,* district attorney, were on the brief for the appellee.

*Per Curiam:* The appellant-petitioner, by his post-conviction motion under K. S. A. 60-1507, sought to have the court set aside his pleas of guilty and convictions for aggravated assault and carrying concealed weapons. The sentences were made to run consecutively. The motion was summarily denied by the district court without an evidentiary hearing.

The petitioner, claiming to have been incompetent when his pleas of guilty were entered, says that the court should have inquired into his capacity to plead guilty, particularly in view of the fact that the court was aware of a report from the hospital staff psychiatrist at Larned advising the court that the defendant was found to have been insane at the time he committed the offenses, and that over the years he had been treated from time to time for mental problems. The nature of the insanity is not disclosed by the record. The defendant had filed notice of his intent, in preparing for a jury trial, to rely on the defense of insanity. It then developed that he and his lawyer decided that it would be to his interest to take the route of plea bargaining, and the pleas of guilty resulted. While the sentences were made to run consecutively the defendant did apparently gain the advantage of escaping habitual criminal sentences.

While the court's allocution prior to receiving the defendant's pleas was thorough, and the defendant's responses seemed to show an understanding of the proceedings and the consequences of pleading guilty, there was some indication of confusion on the part of the defendant. The fact is that the trial court held no inquiry into the defendant's mental capacity under K. S. A. 22-3302 (Weeks), and made no specific finding that the pleas were voluntarily made with

understanding of the nature of the charges and consequences of the pleas, as contemplated by K. S. A. 22-3210 (Weeks).

The report from the Larned hospital and other circumstances shown in the record were enough to alert the judge to the possibility. of continuing insanity and to require her to inquire into the nature of the alleged insanity and defendant's present capacity to change his plea, waive a jury trial and his defenses, enter into plea bargaining and plead guilty to the charges against him. No request by defendant or his counsel was necessary as the law itself makes the application for the defendant where there is something substantial brought to the attention of the court to suggest the necessity of a hearing. (See, *State v. Kelly*, 192 Kan. 641, 643, 391 P. 2d 123.)

The case of *Van Dusen v. State*, 197 Kan. 718, 421 P. 2nd 197, has been brought to our attention. That case is distinguishable because there it was shown that the trial court had knowledge from its continuing contact with the defendant's history that the "insanity" involved was that of sexual abnormality and the evidence before the court at the time of arraignment showed that such mental abnormality did not affect the defendant's capacity to stand trial or to enter a guilty plea. No such showing exists in the present case.

On the basis of the record before us we have concluded that petitioner's motion for post-conviction relief raises a genuine issue of fact as to petitioner's competency to plead guilty to the charges contained in the information. Accordingly the judgment of the district court is reversed and the case remanded with directions to afford the defendant an evidentiary hearing on the constitutional issues raised in the petitioner's motion.

KAUL, J. (dissenting): While the trial court did not hold a formal inquiry as to defendant's mental capacity, under K. S. A. 22-3302 (Weeks), the record discloses the mental condition of defendant was carefully and fully considered by the court prior to the acceptance of defendant's plea. The record of plea proceedings consumes more than twelve pages of the record on appeal. My reading of the record indicates the court was fully aware of the history of defendant's mental problems. The record shows the court had been involved in the competency examinations and evaluations and in the course of the plea proceedings mentioned that it had at hand the report of Dr. Settle, a psychiatrist, and the

report of the Larned State Hospital. There is no indication of any further information which might have been furnished to the court in a formal inquiry. During the thorough allocution, defendant was interrogated at length concerning his understanding of the charges, awareness of his rights, and his knowledge of the facts of the offense charged. In my opinion, the record conclusively discloses that a finding of mental competency was inherent in the court's acceptance of defendant's plea. The allegations of defendant's petition, considered in the light of the record, raise no issues of fact necessitating an evidentiary hearing.

In *Van Dusen v. State,* 197 Kan. 718, 421 P. 2d 197, which I believe fully controls the disposition of the instant appeal, we expressed the applicable rule in our holding in paragraph (6) of the syllabus:

"It is the trial court in whose mind a real doubt of sanity or mental capacity to properly defend must be created before that court is required to order an inquiry solely on its own initiative. The necessity for an inquiry under such circumstances addresses itself to the discretion of the court and its decision will not be disturbed in the absence of abuse of sound judicial discretion."

I would affirm the judgment of the district court.

FROMME AND OWSLEY, JJ., join the foregoing dissenting opinion.