## THE STATE OF KANSAS v. ROBERT TILNEY.

LARCENY — *Insufficient Information.* An information for larceny, where the only description of the property stolen is "national bank notes, United States treasury notes, and United States silver certificates, money of the amount and value of one thousand dollars," without any allegation of the inability of the prosecutor to give a more specific description, is insufficient, and will be held bad on an objection seasonably made.

### *Appeal from Marshall District Court.*

PROSECUTION for grand larceny. From a conviction and sentence at the August Term, 1887, the defendant *Tilney* appeals. The facts appear in the opinion.

*Lowe & Smith*, and *J. A. Broughten*, for appellant.

*S. B. Bradford*, attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: In August, 1887, Robert Tilney was convicted on a charge of grand larceny, and sentenced to confinement at hard labor in the state penitentiary for a term of four years. The information on which the conviction rests charges that he "did then and there unlawfully and feloniously steal, take, and carry away national bank notes, United States treasury notes, and United States silver certificates, money of the amount and value of one thousand dollars." It was contended in the trial court, and the same point is here made, that the information is fatally defective in not describing with sufficient certainty the money alleged to have been stolen. This point was raised at different stages of the prosecution: First, by a motion to quash the information; second, by an objection to the introduction of testimony; and finally, by a motion in arrest of judgment—each of which was overruled, and exceptions were taken. It will be observed that three kinds of money are charged to have been stolen, but the number, denomination, or amount of each kind, or of any of the notes or certificates, is not stated. No reason is stated for the meager and indefinite description given, nor is there any statement of inability on the part of the prosecution to give a more particular description of the money claimed to have been stolen.

We cannot hold the information to be sufficient. While the criminal code of our state has relaxed somewhat the common-law rules respecting matters of form in criminal pleading, still in matters of substance there has been practically no change. The constitution ordains that in all prosecutions the accused is entitled to demand the nature and cause of the accusation against him; and § 104 of the criminal code enacts that "the indictment or information must be direct and *certain*, as it regards the party and *the*

<div style="margin-left:2em">Larceny—insufficient information.</div>

*offense charged."* In a prosecution for larceny, a definite description of the property stolen is important and necessary, in order that the court may determine whether that which is imputed against the defendant amounts to a crime, and whether it has jurisdiction of the same; and also to inform the defendant of the precise charge and enable him to prepare for his defense; and further, to enable the court to properly pronounce judgment, and to make that judgment available as a bar to any subsequent prosecution or conviction of the defendant for the stealing of the same property. These requirements are not satisfied by the general description that was given in the present case. The rules of law and fairness to the accused require that as definite a description as the nature of the property stolen will admit of should be given; and where the grand jury or prosecutor is unable to give a definite description, the fact should be stated. In *The People v. Ball,* 14 Cal. 101, an indictment for larceny describing the money as "$3,000 lawful money of the United States," was held to be insufficient. The court remarked that "in an indictment for larceny, money should be described as so many pieces of the current gold or silver coin of the country, of a particular denomination, according to the facts." In a prosecution for larceny in Michigan, the information described the property as "$135 of the property, goods and chattels of John C. Connell," and gave no excuse for the want of greater particularity. The court held that by the well-settled principles of common-law pleading the defendant was entitled in fairness to either a statement of the kind, denomination and number of the pieces, notes or bills claimed to have been stolen, or to an allegation of some excuse for the omission, and held the information to be fatally defective. (*Merwin v. The People,* 26 Mich. 298.) The supreme court of Kentucky held an indictment to be insufficient which charged that the defendants took and carried away "one lot of treasury notes called greenbacks, the issue of the treasury of the United States of America, and one lot of Kentucky bank notes, and fifteen dollars in gold coin." In deciding the case, the court stated that "a minute description of all the

treasury and bank notes might be impossible and therefore is not required, but a nearer approach to it than this indictment makes may be presumed to have been easy and ought to have been required." (*Rhodus v. Commonwealth*, 2 Duv. 159.)

An indictment which described the property as "sundry pieces of silver coin made current by law, usage and custom within the state of Alabama, amounting together to the sum of $530.15," was held not to describe the money with sufficient precision, and it was said that the number and denomination of the coin should have been stated. (*The State v. Murphy*, 6 Ala. 845.) In *Stewart v. Commonwealth*, 4 Serg. & R. 194, the indictment charged the larceny of sundry promissory notes amounting to the sum of $80, and the judgment of conviction was reversed because of an insufficient description. In *The State v. Longbottoms*, 11 Humph. 39, the indictment for larceny charged the defendant with having stolen "ten dollars in good and lawful money of the state of Tennessee." It was held that this was an insufficient description of the thing stolen, and that the money should be described as so many pieces of current gold or silver coin, and the appropriate name of the coin given. Under a statute which declares that a person who obtains by false pretenses money or property which may be the subject of larceny, shall be deemed guilty of larceny, an indictment framed which describes the property as "$90 in United States currency" was held to be insufficient to sustain a conviction. (*Leftwich v. Commonwealth*, 20 Gratt. 716.) Mr. Bishop, in treating of this subject, referred to a case where the money stolen was described as "sixty dollars of the current gold coin of the United States," and the description was upheld by interpreting it to mean sixty one-dollar gold pieces; but that eminent author remarked that "this is pushing the rule to construe ambiguities in a way sustaining the indictment quite as far as in reason it will bear. On the other hand, simply to describe the subject of the larceny as so many dollars, or so many dollars in money, without further particularization, is by all deemed ill." (2 Bish. Crim. Pro., § 703. See also *Barton v. The State*, 29 Ark. 68; *Merrill v. The State*,

45 Miss. 651; *Crocker v. The State*, 47 Ala. 53; *Brown v. The People*, 29 Mich. 232; *The State v. Hinckley*, 4 Minn. 345.) The same doctrine is recognized in *The State v. Henry*, 24 Kas. 457. There the defendant was charged by information with stealing "national bank currency and United States treasury notes of the amount and value of $164." No question was raised about the sufficiency of the charge until after a trial. When a motion in arrest of judgment was made, the charge was considered to be very indefinite and defective, but it was held that the defendant was too late with his objection, and that he could not take chances of an acquittal upon the merits of the action and then object to the information for not stating the offense in as definite terms as it might have done.

In *The State v. McAnulty*, 26 Kas. 533, the sufficiency of a description of coin alleged to have been stolen was challenged. The information alleged the larceny of sundry silver coins, current as money in the state of Kansas, of the aggregate value of $50, and gave the denomination of most of the coins stolen, ending with an averment that "a more particular description of any and all of such money cannot be given, as informant has no means of obtaining such knowledge." With this description, coupled with the allegation of inability to give a better description, it was held that the information was not fatally defective. The court remarked that—

"Where the indictment or information states the collective value of coins stolen, and the denomination of a portion thereof, and states that a more particular description cannot be given, for want of sufficient knowledge, we are of the opinion that upon a verdict of guilty, stating the value of the property stolen, a verdict may be legally rendered."

It is true, that there are cases holding indefinite descriptions to be adequate, but those to which our attention has been called were decided under statutes which dispensed with greater particularity in describing the money stolen, or were cases where the best description available to the prosecution was given, coupled with an averment that a more particular description could not be given. In order to prevent a failure

of justice, considerable latitude should be allowed in charging the larceny of money, because where a parcel of money consisting of a great number of notes or coins is stolen and has not been recovered, the owner will generally be unable to specify with legal certainty the bills and coins taken. In such cases, however, the charge should contain as particular a description as the prosecutor can give; and if it is then indefinite, he should allege his inability to give a more particular one as an excuse for the omission. ( *The People v. Taylor*, 3 Denio, 91; Bish. Crim. Pro., § 705.) It cannot be said of this case that the objection of the defendant came too late, for he questioned the sufficiency of the charge at the first opportunity and on every proper occasion. Nor was there any averment here that a more particular description of the money could not be stated; and, indeed, under the theory of the prosecution such an averment could not have been truthfully made. It is claimed by the state, and testimony was offered to prove, that certain money found on the person of the defendant when arrested was that which was stolen, and one witness testified that three or four of the notes so found, amounting to $70 or $80, are the very ones which were feloniously taken. All of the money so found and identified has been under the control of the prosecution since the arrest of the defendant and before the filing of the information. It would seem, therefore, that an accurate description of the money so found and identified might have been alleged; and hence no good reason appears for the failure to give a specific description of the property stolen, or at least a portion of the same; and if the description of a part was unknown, an allegation of that fact would be a sufficient excuse for the omission. .

In view of all these considerations, the information must be held insufficient, and therefore there must be a reversal of the judgment.

All the Justices concurring.