THE STATE OF KANSAS v. ROUGH READY.

1. ROBBERY—*Information—Language of the Statute.* In an information for robbery that follows the language of the statute, it is not necessary to use the word "rob," or the words "to rob." The statute defining the various degrees of robbery does not contain these words.

2. DESCRIPTION OF PROPERTY—*No Variance.* An information for robbery that charged the feloniously taking from the person of affiant "thirty-five dollars, lawful money of the United States, a more particular description of which said money is unknown to this affiant," and the proof showed that three ten-dollar bills and five dollars in silver were taken, *held*, to be no variance.

3. JUROR—*Competency—New Trial.* When a juror, examined upon his *voir dire*, said that he had not served upon a jury in any court of record in this state within twelve months, and it is shown that he had, and the fact of the prior service of the juror was not known to the appellant until after the trial, the fact of the prior service of the juror is not sufficient to grant him a new trial. (*The State v. Jackson*, 27 Kas. 581, followed.)

*Appeal from Shawnee District Court.*

PROSECUTION for robbery. Trial at the April term, 1890, Hon. A. H. VANCE, judge *pro tem.*, presiding; verdict of guilty; sentenced to fifteen years in the penitentiary. The defendant *Ready* appeals.

*James J. Hitt*, for appellant.

*L. B. Kellogg*, attorney general, for The State.

Opinion by SIMPSON, C.: An information was filed against one Rough Ready, charging that on the 15th day of February, 1890, and within the jurisdiction of the district court of Shawnee county, he —

"Did then and there unlawfully and feloniously make an assault on one Wm. Glaze, and did then and there unlawfully and feloniously and by violence overcome and put in fear, and from the person of him, the said Wm. Glaze, did then and there unlawfully, feloniously, by violence and against his will, take, steal and carry away, of the property of the said Wm. Glaze, thirty-five dollars lawful money of the United States, a more particular description of which said money is unknown to this affiant, and cannot be given, of the value of thirty-five dollars," etc.

Trial at the April term, 1890. The jury returned a verdict of guilty, "as charged in the information." A motion for a new trial was made and overruled, and the defendant brings the case here for review.

I. The first objection made is to the sufficiency of the information, because the description of the property taken is indefinite; and the cases of *The State v. Tilney*, 38 Kas. 714, and *The State v. Segermond*, 40 id. 107, are invoked in aid of the objection. These cases hold that general descriptions of the property taken, such as "national bank notes," "United States treasury notes," "United States silver certificates," "money of the amount and value of one thousand dollars," and "twenty-five dollars in money," without any allegation of the inability of the prosecutor to give a more specific de-

scription, are insufficient and fatally defective. It is almost universally held by courts of last resort everywhere, that where there is an allegation in the indictment or information that a more particular description could not be given for some sufficient reason, that a general one, as contained in this information, is sufficient.

II. It is also insisted that the county attorney could have given a better description of the money taken than was recited in the information, if he had exercised ordinary diligence. This is a question of fact that we are not required to investigate. At the trial the prosecuting witness testified that the money taken from him consisted of three ten-dollar bills and five dollars in silver, and it is claimed that there is a variance between pleading and proof; but the fact that there was no particular description of the money is now overlooked by counsel for appellant. The charge was, "Thirty-five dollars, lawful money of the United States"; the proof was, "Three ten-dollar bills and five dollars in silver"; and one is the equivalent of the other.

III. It is shown by the record that one of the jurors, when examined on his *voir dire*, said that he had not served upon a jury in any court of record in this state within twelve months last past, when it was shown that he had. The fact of the prior service of the juror was not known to the appellant or his attorney until after the trial. At the trial the appellant exhausted all his peremptory challenges. We think that, for the reasons given and authorities cited in the case of *The State v. Jackson*, 27 Kas. 581, the objection to the juror is made too late.

IV. Finally, it is said that the information is not good on a motion in arrest of judgment, because the words "to rob" are not used therein. It will be noticed that every essential element constituting the crime of robbery is charged in the information, in the exact language of the statute, and that the statute, in defining the crime of robbery in the various degrees, nowhere uses the words "rob" or "to rob."

It is recommended that the judgment of conviction be firmed.

By the Court: It is so ordered.

All the Justices concurring.