### THE STATE OF KANSAS V. ALBERT COLLINS.

No. 16,068.    (99 Pac. 817.)

1. LARCENY—*Information—Waiver.*  An information charging larceny and describing the stolen property as a given sum of money, without attempting a further description or stating that the informant was unable to give one, was sufficient as against an objection to the introduction of evidence and a motion in arrest of judgment, no motion to quash having been filed.

2. CRIMINAL LAW—*Continuance—Absent Witness.*  A motion for a continuance on account of an absent witness was properly denied, the affidavit in support of the motion failing to show sufficient effort to compel the witness's attendance.

3. LARCENY—*Proof.*  Evidence reviewed and held sufficient to support a verdict of guilty in a prosecution for larceny.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed January 12, 1909. Affirmed.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State.

*Milton Brown,* for appellant.

*Per Curiam:* Albert Collins appeals from a conviction on a charge of larceny. Complaint is made because

the information described the stolen property as $110 in money, without attempting a further description, or stating that the informant was unable to give one. Such an objection has been held to be good upon a motion to quash (*The State v. Tilney,* 38 Kan. 714, 17 Pac. 606), but not upon a motion in arrest of judgment (*The State v. Henry,* 24 Kan. 457). No motion to quash was filed in this case. Aside from a motion in arrest of judgment, the sufficiency of the information was challenged only by an objection to the introduction of any evidence under it, which is entitled to no more favorable treatment. (*Fort Scott v. Dunkerton,* 78 Kan. 189, 96 Pac. 50.)

The denying of a motion for a continuance on account of an absent witness is assigned as error. The affidavit offered in its support, however, failed to show sufficient effort to compel his attendance. It stated that the defendant had endeavored to procure his presence, but specified nothing that had been done in this connection. It said that before the arrest the witness left the county without the defendant's knowledge or consent, but for anything that appears in the record a subpœna might easily have been served upon him in some other part of the state. It also alleged that the defendant had not learned until the day before that the witness was in San Francisco, but did not negative knowledge of his whereabouts up to that time.

The defendant also claims that there was no evidence to support the verdict. There was testimony that the complainant missed a pocketbook containing $110 and some papers; that about that time the defendant was in his company, and shortly afterward was seen with a like amount of money and a pocketbook answering the same description, out of which he took a paper which he said belonged to the complainant. This seems a sufficient foundation for a conviction. The verdict mentioned $70 as the amount stolen. If it is necessary to account for the difference between this and the sum

stated in the information and evidence a probable explanation may be found in the fact that the defendant claimed to have won somewhere from $33 to $56 from the complainant in gambling.

The judgment is affirmed.