No. 41,735

ROBERT C. WEATHERS, *Appellant,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(350 P. 2d 128)

Opinion filed March 5, 1960.

*Robert C. Weathers,* appellant, was on the briefs *pro se.*

*J. Richard Foth,* assistant attorney general, argued the cause and *John Anderson, Jr.,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J: The appellant is an inmate of the state penitentiary at Lansing. He is confined under a sentence of the Shawnee district court for robbery in the first degree as defined in section 21-527, G. S. 1949. Appellant entered his plea of guilty to an information charging that appellant held up a Kroger grocery store in Topeka with a pistol and obtained the sum of $3,197 from one Jerry McGuire.

On July 16, 1959, appellant filed his petition for a writ of habeas corpus in the district court of Leavenworth county alleging that his confinement was invalid because it was asserted his conviction had been obtained by denying appellant due process of law in violation of the federal and state constitutions. Following the answer of the attorney general, the district court denied the petition on August 3, 1959, and appellant seeks review of that order.

Appellant's first objection is based upon the unsupported assertion that he was arrested on April 2, 1956, by police officers; that these police officers held him incommunicado until he was arraigned on April 6, 1956; that the officers secured statements from appellant during said four day interval which violated appellant's constitutional rights. It is also said that certain exhibits attached to the

petition show that this charge is true. From the record, we are unable to come to that conclusion. The following facts appear: A warrant was issued for appellant's arrest on March 30, 1956, and returned and filed on April 6, 1956. On the return day, appellant was arraigned, pleaded not guilty and was committed to jail in default of bond. On April 13, 1956, he waived preliminary hearing and was bound over to the district court for trial. From the proceedings in the district court it appears that Weathers had counsel at the preliminary hearing. On the same day, appellant appeared before the district court, where on his request the same member of the bar who had appeared at the preliminary hearing was again appointed to represent him. He thereupon entered his plea of guilty and was sentenced. The record in no respect indicates that the plea was not voluntary.

Not only does the charge of unlawful questioning rest solely upon the uncorroborated assertion of the appellant, but he wholly fails to account in any respect for failing to tell his counsel and the district court about this "unlawful" conduct of the arresting officers. We feel certain counsel and the district court would have been vitally interested had any unlawful conduct been brought to their attention. The verified answer of appellee denied all unlawful conduct.

In *Cunningham v. Hoffman,* 179 Kan. 609, at page 611, 296 P. 2d 1081, it was said:

"This court has long been committed to the rule that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of a writ where, as here, the judgment rendered is regular on its face and entitled to a presumption of regularity and validity. (*Hartman v. Edmondson,* 178 Kan. 164, 166, 283 P. 2d 397; *Strong v. Edmondson,* 177 Kan. 247, 277 P. 2d 585.)"

This court has continued to adhere to the above rule in the following subsequent cases: *Thomas v. Hand,* 184 Kan. 485, 337 P. 2d 651; *Converse v. Hand,* 185 Kan. 112, 340 P. 2d 874; *Coppage v. Hand,* 185 Kan. 708, 347 P. 2d 400; and *Goetz v. Hand,* 185 Kan. 788, 347 P. 2d 349.

The appellant has one more complaint. He seems to argue that his sentence was void for uncertainty. There would appear to be no merit to this contention. The term of the sentence is imposed under G. S. 1949, 21-530 at ten to twenty-one years for robbery in the first

degree. The appellant objects to the words of the journal entry reading, "until discharged according to law." This form of sentence is derived from the indeterminate sentence law, G. S. 1949, 62-1521 *et seq.* The indeterminate sentence statute was held constitutional as long ago as the case of *State v. Stephenson,* 69 Kan. 405, 76 Pac. 905.

The decision of the district court in denying the writ was correct and should be affirmed. It is so ordered.