No. 41,811

Robert Till Gray, *Appellant*, v. Tracy A. Hand, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(352 P. 2d 3)

Opinion filed May 14, 1960.

Appellant was on the brief *pro se.*

*J. Richard Foth,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order denying an application for a writ of habeas corpus.

On April 17, 1958, petitioner was duly arraigned in the district court of Johnson county on an information charging him with the crime of robbery in the first degree, as defined by G. S. 1949, 21-527. He was represented by counsel and entered a plea of not guilty. Following a trial by jury he was convicted of the offense charged, the penalty for which, under G. S. 1949, 21-530, is confinement in the penitentiary for not less than ten years nor more than twenty-one years. No motion for a new trial was filed and the verdict was approved by the trial court. Petitioner, having previously been convicted of a felony in the state of Louisiana, was, under the provisions of the habitual criminal statute (G. S. 1949, 21-107a), sentenced to confinement for a period of not less than twenty years nor more than forty-two years. No appeal was taken. We are advised that on September 8, 1959, the sentence was commuted

by the governor to a term of not less than seven years nor more than forty-two years.

Subsequently, petitioner filed an application in the district court of Leavenworth county for a writ of habeas corpus, and, following a hearing thereon, his application was denied. This appeal followed.

From his petition and brief, petitioner's contention appears to be that the information on which he was charged, tried and convicted, is vague, indefinite and defective in that it fails to charge him with being armed with a weapon while committing the alleged offense, and therefore is insufficient to charge him with robbery in the first degree as defined by the statute.

There are several reasons why petitioner's application for a writ of habeas corpus was properly denied. We mention but two.

In the first place, it has been held many times than an information which charges an offense in the language of the statute is sufficient. (State v. Eason, 163 Kan. 763, 764, 186 P. 2d 269; State v. Spohr, 171 Kan. 129, 130, 230 P. 2d 1013; State v. Ashton, 175 Kan. 164, 173, 262 P. 2d 123; State v. McGaugh, 180 Kan. 850, 853, 308 P. 2d 85.)

The statute, G. S. 1949, 21-527, under which petitioner was charged, reads:

"Every person who shall be convicted of feloniously taking the property of another from his person or in his presence, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree."

The information in this case charged that petitioner did

". . . then and there unlawfully and feloniously take the property, to-wit: one billfold and $1.00 in United States money, of another, to-wit: Maynard Martin, against his will by putting the said Maynard Martin in fear of some immediate injury to his person. . . ."

The information charged the offense in the language of the statute and was clearly sufficient to apprise petitioner of the charge against him.

The second reason why petitioner's application for a writ of habeas corpus was properly denied is that except in those cases where an information fails to state a public offense, thus giving a court no jurisdiction of the matter—the well-established rule is that the sufficiency of an information must be challenged by appeal and not by habeas corpus. (James v. Armine, 157 Kan. 397, 399, 140

P. 2d 362; *Darling v. Hoffman,* 180 Kan. 137, 138, 299 P. 2d 594; *Carrier v. Hand,* 183 Kan. 350, 351, 327 P. 2d 895.)

Petitioner, who is presently confined in the state penitentiary, has not served his sentence as commuted, and, no grounds entitling him to a release having been shown, the order denying his application for a writ of habeas corpus is affirmed.