No. 44,712

State of Kansas, *Appellee*, v. Rudy V. Chuning, *Appellant.*

(428 P. 2d 843)

Opinion filed June 10, 1967. 

*Marion W. Chipman,* of Olathe, argued the cause, and *Eugene T. Hackler, John Anderson, Jr., Wilson E. Speer,* and *Joseph N. Vader,* all of Olathe, were with him on the briefs for the appellant.

*Hugh H. Kreamer,* Assistant County Attorney, argued the cause, and *James W. Bouska,* County Attorney, and *Robert C. Londerholm,* Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: The defendant, Rudy V. Chuning, appeals from a conviction of robbery in the first degree. (K. S. A. 21-527.)

Two specifications of error are assigned by defendant. He first contends he was denied a speedy trial as provided by the Sixth Amendment to the Constitution of the United States and Section 10 of the Bill of Rights of the Constitution of Kansas. This issue was presented to the trial court by defendant in a motion to dismiss which was argued and overruled and was raised again on motion for a new trial.

Defendant's complaint is not aimed at delay in bringing him to trial after his arrest. He claims he was deprived of his right to a speedy trial by reason of the fact that he was not arrested until more than three years after a complaint was filed against him. In this connection the record shows a complaint was filed on March 14, 1962, charging defendant with the commission of a crime on August 6, 1961. A warrant was issued on the same day but defendant was not arrested pursuant thereto until July 8, 1965.

The only facts disclosed by the record pertaining to the delay in the arrest of defendant are to be found in the statements of counsel in their arguments on defendant's motion to dismiss before the trial court prior to the trial. In his motion to dismiss the defendant claimed the court had lost jurisdiction because of delay in arresting him.

Defendant's counsel stated that after the alleged crime the defendant resided continually in Kansas City, Missouri, and that during this period the defendant got into some difficulty in the State of California. Defendant's counsel further stated that defendant was arrested by agents of the Federal Bureau of Investigation on a fugitive's warrant and was confined in the county jail of Jackson County, Missouri; that defendant was then given a choice to either go back to the State of California as a parole violator or be returned to Johnson County, Kansas, to face the charge herein. Defendant's counsel further stated that defendant elected to go back to California and, therefore, the State of Kansas waived custody of defendant and lost jurisdiction.

The county attorney in his argument to the trial court in opposing the motion to dismiss stated that defendant had been released to the sheriff of Los Angeles County under a Missouri Governor's warrant and that the State of Kansas never had custody, actual or constructive, of defendant until he was released by California authorities to Kansas on July 6, 1965. This statement has not been denied by defendant.

The county attorney further stated that after the complaint was filed a warrant was issued and delivered to Missouri authorities. When no arrest was made the county attorney requested the issuance of a federal unlawful flight warrant by the United States District Attorney. This warrant was issued and the arrest finally made in Jackson County, Missouri, by officers of the Federal Bureau of Investigation. The county attorney argued that the State of Kansas could have done nothing more than was done to secure the arrest and custody of defendant and, therefore, no Kansas official was guilty of laches.

After hearing the statements of counsel the trial court ruled as follows:

"Well, gentlemen, irrespective of statements of counsel, I think the papers and pleadings filed in the case and in the absence of evidence to the contrary, govern in a situation such as this. The file indicates that a warrant in this case was issued on the 14th day of March, 1962. That it was served by the Sheriff

of Johnson County, Kansas, on the same date and that on the 8th day of July, 1965, the same was executed by arresting the within named Rudy Chuning and bringing him before the Magistrate Court. Signed Lynn Thomas, Sheriff by Ralph E. Burger, Deputy Sheriff. I feel that must govern. There is ample law to the effect that once a warrant is issued that that stays the proceedings and it has been admitted in this case that the defendant was outside the state. Accordingly, the defendant's motion to dismiss is by the Court considered and overruled."

In his brief defendant admits that in most cases where a defendant successfully claimed a deprivation of the constitutional guarantee of a speedy trial, the holding was based on a lapse of time between arrest and trial. Defendant urges, however, that we consider the long delay in his case between the filing of the complaint and defendant's arrest as constituting a deprivation of his constitutional right to a speedy trial.

In support of his argument defendants cites 21 Am. Jur. 2d, Criminal Law, p. 283 § 248, and a quotation from an annotation on the subject appearing in 85 A. L. R. 2d p. 980. The authorities cited by defendant indicate that in some cases it has been held that once an indictment or other formal charge, such as the filing of a complaint, has been returned or made against an accused the right to speedy trial may be violated by unreasonable delay in making the arrest.

The principle framed by authorities cited by defendant is qualified by those same authorities to the effect that if the accused has avoided arrest then the period of delay does not count.

We believe it is clear from the record in this case that the delay in arrest was caused by defendant's absence from the State of Kansas. Under such circumstances the state cannot be said to be guilty of laches, and the defendant is foreclosed from asserting deprivation of his constitutional rights to a speedy trial. The general rule is stated in 21 Am. Jur. 2d, Criminal Law, p. 288 § 252, as follows:

". . . An accused cannot take advantage of a delay for which he was responsible, whether caused by action or inaction on his part. This is true where delay is caused by his absence from the state, by his becoming a fugitive from justice, or by his failure to appear for arraignment or trial. . . ."

See, also, 85 A. L. R. 2d, Anno. pp. 980, 985 § 5.

This state has zealously guarded the right of an accused to a speedy trial guaranteed under Section 10 of our Bill of Rights and supplemented by K. S. A. 62-1431 and 62-1432. In *State v. Brockel-*

*man,* 173 Kan. 469, 249 P. 2d 692, where this court considered delay after a preliminary hearing in bringing a defendant to trial, we stated:

"The right to a speedy trial has been zealously guarded by the English people since the signing of the Magna Charta. It is written into the constitution of the United States and has been adopted in the bill of rights of this state. A right so sacredly guarded cannot be lightly ignored. It is a right, not a privilege, and cannot be frittered away by the laches of public officers. (Citing cases.)" (p. 473.)

See, also, *State v. Hess,* 180 Kan. 472, 304 P. 2d 474, and cases cited therein.

However, we find no case in which the right was held to have been infringed where the delay in arrest was caused by a defendant's absence from the state.

Under the facts and circumstances of this case, the lapse of time between the filing of the complaint and the arrest of defendant, caused by his absence from the state, does not amount to a denial of defendant's constitutional rights to a speedy trial under either the Sixth Amendment to the Constitution of the United States or Section 10 of the Bill of Rights of the Constitution of Kansas.

With respect to his second specification of error defendant contends his conviction is void because the information failed to state a charge of robbery in the first degree as set out in K. S. A. 21-527, which reads as follows:

"Every person who shall be convicted of feloniously taking the property of another from his person or in his presence, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree."

The language which defendant claims to be insufficient is set out in the complaint, warrant and information as follows:

". . . [T]ake the property of the Katz Drug Company, Inc., said property consisting of United States money in the approximate amount of $13,000.00, by taking said money from Eric Busch, the manager of said store, against his will, by putting said manager in fear of some immediate injury of his person by threatening him and showing him a pistol he had concealed in his belt."

Defendant contends the information is defective because of a failure to specifically allege that the money was either taken in the presence of or from the person of Eric Busch. From our reading of the language "by taking said money *from* Eric Busch," the manager against his will by putting him in fear, etc., we are unable to agree with defendant that such language does not logically amount to an

allegation of taking money from Eric Busch in his presence. We believe the information charged an offense under the statute with enough clarity and detail to inform the defendant of the criminal act with which he is charged.

The information was substantially in the language of the statute and that is sufficient. (*State v. Kelly,* 192 Kan. 641, 391 P. 2d 123; *State v. Hill,* 189 Kan. 403, 369 P. 2d 365, 91 A. L. R. 2d 750.) In *State v. Ellis,* 192 Kan. 315, 387 P. 2d 198, in discussing a similar contention, the court stated:

". . . The information was not drawn by a master of the art of good pleading, but since it fully apprised the defendant of the nature of the offense charged against him and contained the necessary element of such offense, the motion to quash was properly overruled. (Citing cases.)" (p. 317.)

Defendant makes no claim that he did not know he was being tried for robbery in the first degree. He made no attack on the form of language of the information at or before arraignment or in his motion for a new trial. We find nothing in this record indicating any doubt or uncertainty on the part of defendant as to the nature of the offense for which he stood charged.

We find no error in the record with respect to either matter urged and the judgment is affirmed.