No. 46,247

Leon Jessie Carithers, *Appellant,* v. State of Kansas, *Appellee.*

(485 P. 2d 1368)

Opinion filed June 12, 1971.

*Charles E. Orcutt,* of Snyder and Orcutt, of Hutchinson, argued the cause and was on the brief for the appellant.

*Porter Brown* [substituted for Raymond L. Berkley], County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Kerry J. Granger,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal from an order of the district court summarily denying petitioner's motion under K. S. A. 60-1507.

On November 19, 1965, petitioner entered a plea of guilty to second degree burglary (K. S. A. 21-516, now K. S. A. 1970 Supp. 21-3715). Before accepting his plea, the trial court made inquiry of petitioner and found specifically that he comprehended his position, understood the nature and elements of the charges against him and understood the term of sentence legally authorized therefor. The trial court made further findings that petitioner was duly apprised in the premises and that the plea of guilty was a free and voluntary act of the petitioner.

Five days later, on November 24, 1965, petitioner was granted probation. On December 29, 1969, the trial court found that petitioner had violated a number of the conditions of his probation and it was revoked. Petitioner was then ordered to serve the original sentence pronounced on November 19, 1965.

The first 60-1507 motion filed by petitioner was denied by the trial court on July 7, 1970. Thereafter petitioner filed a second

motion which was denied on July 16, 1970. This appeal followed.

Petitioner states one point on appeal:

"The court erred in sentencing the Movant for burglary in the second degree because the Court lacked jurisdiction as an essential element of the offense of second degree burglary was not alleged in the Information."

Petitioner contends the information is fatally defective because the phrase "with intent to commit a felony or any larceny" is not expressly included in the allegations of the information.

The information, in substance, charged that petitioner (defendant) unlawfully, feloniously and wilfully did break and enter in the daytime the described dwelling house of another under such circumstances as would have constituted burglary in the first degree if committed in the nighttime and if some human being had been therein, all contrary to 21-516, *supra.*

The information is certainly not a model of the art of good pleading. Nevertheless, we believe it sufficiently covers the elements of second degree burglary under 21-516 so as to give the court jurisdiction to accept a voluntary plea of guilty. Petitioner does not challenge the trial court's findings that the plea was knowingly and understandably entered. Even now petitioner makes no claim that he did not know that he was charged with second degree burglary.

K. S. A. 21-516 is the catchall burglary statute which defines second degree burglary in terms of breaking and entering under circumstances which would not have constituted any other degree of burglary specified in preceding statutes. The information here was drafted on that premise. Second degree burglary was defined by measurement with the elements of first degree burglary which include "with intent to commit a felony." Moreover, the acts of breaking and entering were alleged to have been committed feloniously which means with intent to commit a felony. We believe the information sufficiently conforms with the language of 21-516 to charge an offense thereunder.

Where an information is stated substantially in the language of the statute involved, it is sufficient. (*State v. Chuning,* 199 Kan. 215, 428 P. 2d 843, and *State v. Kelly,* 192 Kan. 641, 391 P. 2d 123.)

As a general rule, except in those cases where an information fails to state a public offense, thus giving the court no jurisdiction of the matter, the sufficiency of an information must be challenged by appeal and not by a postconviction proceeding. (*Gray v. Hand,*

186 Kan. 668, 352 P. 2d 3; *Carrier v. Hand*, 183 Kan. 350, 327 P. 2d 895; *Darling v. Hoffman*, 180 Kan. 137, 299 P. 2d 594.)

Petitioner cites *State v. Minor*, 197 Kan. 296, 416 P. 2d 724, and *State v. Baker*, 197 Kan. 660, 421 P. 2d 16, neither of which supports his position.

Minor was convicted of manslaughter in the first degree on an information which charged only manslaughter in the fourth degree. Baker was convicted of second degree burglary under K. S. A. 21-520, the information did not allege "in the nighttime" which differentiated the degrees of burglary and was specifically required. Both cases were direct appeals, obviously neither conviction could stand.

In the instant case the record conclusively shows that petitioner, at the time of entering his plea, was fully and properly apprised of the nature and elements of the crime for which he was charged and convicted. The allegations of the information covered, albeit awkwardly, the elements of second degree burglary under 21-516, *supra*, the offense for which petitioner entered his plea and for which he was sentenced.

The judgment is affirmed.