No. 46,457

ROBERT CHESTER WEATHERS, *Appellant* v. STATE OF KANSAS, *Appellee.*

(493 P. 2d 270)

Opinion filed January 22, 1972.

*Richard D. Ewy,* of Foulston, Siefkin, Powers and Eberhardt, of Wichita, argued the cause and was on the brief for the appellant.

*Gary H. Jarchow,* Deputy County Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an order of the district court summarily denying petitioner's motion under K. S. A. 60-1507.

On July 16, 1968, petitioner entered pleas of guilty to robbery in the first degree (K. S. A. 21-527 [now K. S. A. 1971 Supp. 21-3426 and 21-3427]), and possession of a pistol after conviction of a felony (K. S. A. 21-2611 [now K. S. A. 1971 Supp. 21-4204]). Thereafter petitioner appealed. In an opinion filed on May 9, 1970, this court affirmed both convictions. (See *State v. Weathers,* 205 Kan. 329, 469 P. 2d 292.)

On July 6, 1970, petitioner filed a motion pursuant to K. S. A. 60-1507 in the district court of Sedgwick county. Petitioner contended the sentences should be vacated because: (1) Count I of the information was defective because it failed to describe the porperty taken in the robbery and (2) Count II of the information was defective because it failed to allege the date of the prior conviction; and further that there was no evidence presented showing that petitioner had counsel on his prior conviction.

On August 11, 1970, the district court considered petitioner's motion, examined the files and records in the case, and ruled in pertinent part as follows:

"Movant raises no issue of fact and no substantial questions of law; therefore, it is not necessary that an evidentiary hearing be held, and it is not necessary that an attorney be appointed to represent Movant.

"The two counts of the Information state the offenses in the language of the statute and allege all elements of the offenses. This is sufficient to confirm jurisdiction on the court.

"On a plea of guilty, it is not necessary to produce any evidence to sustain a conviction.

"The Motion, files, and records of the case conclusively show that Movant is entitled to no relief and that his Motion should be overruled."

On August 18, 1970, petitioner filed what he labeled a "Motion To Release *De Novo*," wherein he reasserted his contentions with respect to Count I. He abandoned his previous contentions as to Count II, and in lieu thereof claimed that the prior felony conviction alleged in Count II could not serve as a basis for a conviction under 21-2611, *supra*, because he was not afforded counsel on appeal from the denial of a postconviction remedy. (See *Weathers v. Hand*, 186 Kan. 373, 350 P. 2d 128.) In addition, petitioner claimed for the first time that he did not intelligently and understandingly enter a plea of guilty for reason of his temporary insanity. In this connection, petitioner directed attention to a report of the Kansas Reception and Diagnostic Center which was filed with the court.

The district court treated petitioner's second motion as a motion for rehearing and again denied relief on September 8, 1970. After noting that petitioner's first ground concerning the robbery charge had been disposed of by the previous ruling, the court further ruled in pertinent part as follows:

"Movant's new grounds raise no substantial questions of fact or law and preliminary hearing is not necessary and it is not necessary to appoint counsel to represent Movant.

"The fact that movant was afforded a pro se appeal from a judgment on a habeas corpus does not void the judgment attacked.

"Movant relies upon the report of the Diagnostic Center to sustain his contention that he was temporarily insane at the time of his plea in this case. The report of the Diagnostic Center does not bear out his contention. There is nothing in the report which indicates that defendant's mental state would be incompatible with a voluntary, intelligent and understanding plea of guilty.

"Movant's grounds are without merit and his motion for rehearing should be overruled."

From this second and last ruling of the district court petitioner appeals.

In his brief petitioner argues three points. He reasserts his contentions concerning Counts I and II of the information; and as a third point he says that if this court does find the district court had jurisdiction on Counts I and II of the information then he claims in the alternative the district court erred in failing to appoint counsel and conduct an evidentiary hearing on the voluntariness of his plea.

At the outset, it should be noted that petitioner was represented by counsel prior to his preliminary hearing and throughout the proceedings in district court. The record shows that petitioner fully understood the charges lodged against him at the time of entering his pleas. The colloquy between petitioner and the court appears as follows:

"THE COURT: All right. In the first count you are charged with robbery in the first degree. How do you plead? Guilty or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: Are you pleading guilty because you are guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: In other words, on or about the 17th day of June, you did rob Charley Dahlem or Dahlem's Texaco, 940 South Broadway, here in Wichita? Is that correct?

"THE DEFENDANT: Yes.

"THE COURT: And in the second count you are charged with having in your possession a firearm on the 17th of June, after having been convicted of a prior felony?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Did you have in your possession, a firearm?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And you had been convicted of a previous felony in Shawnee County?

THE DEFENDANT: Yes, Your Honor.

"THE COURT: Do you know of any legal reason why sentence should not be pronounced by the Court?

"MR. MOLINE: No, sir."

Notwithstanding his pleas of guilty, petitioner now claims the district court was without jurisdiction because the information did not specifically describe the property taken in the robbery.

We find no merit in petitioner's contention since the elements of the offense are stated in the identical terms of 21-527, *supra*. Eliminating formalities, the information states that petitioner:

". . . [U]nlawfully, feloniously, wilfully take the property of another, to-wit: Charley Dahlem, belonging to and being the property of Dahlem's Texaco, 940 South Broadway, Wichita, Sedgwick County, Kansas, in the

presence of and against the will of Robert E. Eaton, by putting him, the said Robert E. Eaton in fear of some immediate injury to his person; all of said acts then and there committed being intentional, unlawful, felonious and wilful and being contrary to the statutes in such cases made and provided and being against the peace and dignity of the State of Kansas, K. S. A. 21-527."

The statute in question, 21-527, *supra*, reads:

"Every person who shall be convicted of feloniously taking the property of another from his person or in his presence, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree."

The well-established rule in this jurisdiction is that, except in those cases where it fails to state a public offense, thus giving a court no jurisdiction of the matter, the sufficiency of an information must be challenged by appeal and not by habeas corpus or a postconviction proceeding. (*Carithers v. State*, 207 Kan. 607, 485 P. 2d 1368, and *Gray v. Hand*, 186 Kan. 668, 352 P. 2d 3.)

In *Carithers* the distinction was pointed out between a challenge of the sufficiency of an information in a postconviction proceeding after a plea of guilty, and where raised by direct appeal after a trial such as in the cases of *State v. Minor*, 197 Kan. 296, 416 P. 2d 724, and *State v. Baker*, 197 Kan. 660, 421 P. 2d 16, cited by petitioner.

In the recent case of *State v. Melton*, 207 Kan. 700, 486 P. 2d 1361, we said:

"We have consistently held that a plea of guilty freely and voluntarily entered after consultation with counsel and with full knowledge of the possible consequences waives any defects or irregularities occurring in any of the prior proceedings. See *State v. Kennelly*, 207 Kan. 344, 347, 485 P. 2d 179, *Lee v. State*, 207 Kan. 185, 483 P. 2d 482; *Stewart v. State*, 206 Kan. 147, 476 P. 2d 652. This is so even though the defects may reach constitutional dimensions. . . ." (p. 713.)

With respect to Count II of the information, petitioner claims the previous conviction relied upon as a basis for the offense of unlawful possession of a firearm was void because he was not afforded counsel on appeal from a denial of his petition for a writ of habeas corpus, in which he attacked that sentence and conviction. (*Weathers v. Hand*, supra.)

The previous conviction referred to was had on petitioner's plea of guilty to an armed robbery in Shawnee County in 1956. Although the appeal to this court in *Weathers v. Hand*, supra, was by petitioner *pro se*, this court carefully considered each point raised in the opinion filed therein.

In the *Weathers v. Hand* opinion it is pointed out that petitioner had counsel at his preliminary hearing in the Shawnee County case and that the same counsel was appointed to represent him when he appeared before the district court, entered his plea of guilty, and was sentenced on April 13, 1956. It was further noted in the opinion that the record in no respect indicated that petitioner's plea was not voluntary. In his habeas corpus action, petitioner made no claim that he attempted to or desired to appeal from the 1956 conviction and makes no such assertion now. He simply argues that the 1956 conviction should fall because he was not afforded counsel in his appeal in the collateral habeas corpus proceeding.

When entering his pleas of guilty in the instant case, petitioner freely admitted the previous felony conviction in Shawnee County. He offers no excuse nor does he make any explanation of his failure to appeal from that conviction; neither does he give any reason for failing to include the points raised herein in his direct appeal in the instant case. Absent a showing of exceptional circumstances excusing failure to raise matters in a direct appeal, we have consistently held, in accord with our Rule No. 121 (205 Kan. XLIV), that a proceeding under K. S. A. 60-1507 cannot be used as a substitute for a second appeal, even though constitutional questions may be involved. (*Neil v. State,* 207 Kan. 212, 483 P. 2d 1117; *Hacker v. State,* 207 Kan. 195, 483 P. 2d 484; and *Davis v. State,* 204 Kan. 816, 466 P. 2d 311.)

For his third point herein, petitioner claims the district court erred in failing to appoint counsel and granting a full evidentiary hearing on the voluntariness of petitioner's pleas. His argument is that despite the fact the report of the Reception and Diagnostic Center was before the district court, a witness for the Center should have been subpoenaed and a hearing had concerning temporary insanity at the time of his pleas. Here again petitioner offers no explanation why this matter was not raised in his direct appeal. Although what has been said before adequately disposes of petitioner's contention; we would further note that the district court's order discloses that the report of the Reception and Diagnostic Center was examined and that nothing in the report indicated that petitioner's mental state was incompatible with a voluntary, intelligent plea of guilty. It should be further noted that petitioner made no effort to withdraw his plea.

The petitioner's motion raised no substantial questions of fact or law and no error is shown in the district court's rulings.

The judgment is affirmed.