No. 48,060

State of Kansas, *Appellee*, v. James Clanton, *Appellant*.

(548 P. 2d 768)

Opinion filed April 10, 1976.

*Jack W. Shultz,* of Shultz & Shultz, Chartered, of Dodge City, argued the cause and was on the brief for the appellant.

*John E. Fierro,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Miller, J.: This is a direct appeal by James Clanton from a conviction of the crime of aggravated assault on a law enforcement officer in violation of K. S. A. 21-3411. The charges grew out of an altercation involving the defendant and two Dodge City police officers which occurred during the course of the defendant's arrest by the officers for violation of a city ordinance.

Defendant raises six points on appeal, but the principal question is whether the evidence was sufficient as a matter of law to permit the jury to find the defendant guilty of the offense charged.

There is little dispute as to what occurred. In the late afternoon of October 31, 1974, two uniformed Dodge City police officers spotted the defendant and his brother along the Arkansas river bed. The officers observed the defendant holding a plastic bag over his nose and mouth, and believed he was "sniffing glue" in violation of city ordinance. The officers approached the defendant and advised him that he was under arrest for inhalation of fumes. The defendant ran and Officer Flodder pursued and captured him. A scuffle ensued. The officer was able to place a handcuff on the defendant's right wrist. At that point Officer Ford, who had captured and handcuffed the defendant's brother, came to Officer Flodder's assistance. While Ford was facing the defendant, the defendant, with his left hand, reached for Ford's service revolver which was holstered at the officer's right side. The defendant unsnapped the holster, grabbed the revolver and pulled it about half way out of the holster. Upon feeling the holster unsnapped and feeling the

weight of the weapon released, Ford looked down and struck the defendant's wrist. The revolver then fell back into the holster. The charge of aggravated assault on a law enforcement officer was brought against the defendant as a result of this incident. He was convicted by a jury, and appeals.

Defendant's principal complaint is that there was insufficient evidence of his ability to inflict injury upon the officers, that therefore the officers could not have been possessed with the requisite reasonable apprehension of bodily harm; and because of the absence of these elements, the evidence did not make out a submissible case, and defendant should have been discharged as a matter of law.

An examination of this argument requires, first, a determination of the meaning of "assault" as used in the statute and, second, analysis of the record for the purpose of ascertaining whether there was evidence to sustain the finding that the offense charged was committed.

K. S. A. 21-3408 defines "assault" as:

". . . [A]n intentional threat or attempt to do bodily harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary."

K. S. A. 21-3410 provides in applicable part that:

"Aggravated assault is:
"(a) Unlawfully assaulting or striking at another with a deadly weapon . . ."

K. S. A. 21-3411, under which defendant was charged and convicted, provides:

"Aggravated assault of a law enforcement officer is an aggravated assault, as defined in section 21-3410, committed against a uniformed or properly identified state, county or city law enforcement officer while such officer is engaged in the performance of his duty."

We have previously discussed and defined "assault" as:

". . . [A]n attempt or offer with force or violence to do corporal injury to another without the actual doing of the injury threatened, and neither actual intent nor actual present ability to do the injury threatened is necessary if the circumstances are such that the person threatened reasonably believes the injury will be done. . . ." *State v. Gauger,* 200 Kan. 515, 524, 438 P. 2d 455; *State v. Hazen,* 160 Kan. 733, 165 P. 2d 234; *State v. Linville,* 150 Kan. 617, 95 P. 2d 332.

We have said that an aggravated assault upon a law enforcement officer is an aggravated assault, as defined in K. S. A. 21-3410, committed against a uniformed or properly identified law enforcement

officer while such officer is engaged in the performance of his duty. *State v. Bradley,* 215 Kan. 642, 527 P. 2d 988. Both officers here involved were in uniform, and both were engaged in the performance of their duties. There is no dispute here as to the identification of the law enforcement officers as was before this court in *Bradley*.

The question before us is whether the evidence in this case is sufficient to form the basis for a reasonable inference of guilt when viewed in the light most favorable to the state. The issue on appeal is not whether the evidence establishes guilt beyond a reasonable doubt. *State v. Steward,* 219 Kan. 256, 547 P. 2d 773 Defendant contends that there was no evidence that he intentionally threatened or attempted to do bodily harm to Officer Ford; that the evidence clearly shows that he had no apparent ability to cause such bodily harm; and that his conduct was not such as would result in Officer Ford's being in immediate apprehension of bodily harm.

The evidence indicates that the defendant unsnapped Officer Ford's holster and attempted to take possession of his weapon. Defendant had the revolver about half way out of the holster when Officer Ford took action to prevent the completion of the act of removal. Officer Ford testified that the defendant had control of the weapon as far as he was concerned, and the officer was in fear of bodily harm.

Viewing the record in the light most favorable to the state, as we must do, it appears that there was sufficient evidence presented from which the jury could reasonably find an attempt by the defendant to do bodily harm. Defendant's action in unsnapping the officer's holster and in pulling the weapon out of it could certainly be said to convey to the mind of a reasonable person a well grounded apprehension of personal injury. Though there was no evidence presented that the defendant had complete control of the weapon, it is common knowledge that a weapon does not need to be entirely out of its holster in order to be fired. Defendant's action amounted to more than mere thought and preparation. The unsnapping of the holster and the partial removal of the weapon therefrom constituted an overt act. If there is at least *prima facie* evidence of an attempt by the defendant to do bodily harm under circumstances that the person against whom the attempt is made might reasonably believe that he will be injured, the question of guilt becomes one for the jury. After a thorough review of this record, it cannot be said under these facts and circumstances that

the trial court acted improperly in overruling the defendant's motion for dismissal or judgment of acquittal and in permitting the jury to enter its verdict based on its view of the evidence.

Defendant argues that the court erred in permitting the prosecutor to make indirect reference to his prior criminal record. The prosecutor asked each officer if he had met the defendant previously and if such meeting took place while the witness was a police officer. These questions were answered in the affirmative. There was no mention of or reference to any prior criminal record. In defendant's view, the mere fact that the officer stated that he had previously met the defendant indicated that the defendant had a prior criminal record. This cannot be so. Not every person with whom police officers come in contact have prior convictions. The questions were designed to establish whether or not the defendant was aware that the officers were, in fact, law enforcement officers. Though such knowledge is not a necessary element of proof (*State v. Bradley,* supra) the questions were entirely proper. No contemporaneous objection was made, and no prejudice has been shown.

Defendant complains that while the information charges that he ". . . intentionally . . . did threaten to do bodily harm . . .", the court instructed the jury that the charge would be proved if the state proved that the defendant ". . . intentionally threatened or attempted to do bodily harm . . ." Generally, where an information is stated substantially in the language of the statute involved, it is sufficient. *Carithers v. State,* 207 Kan. 607, 485 P. 2d 1368. The information here was sufficiently in the statutory language to apprise the defendant of the charge against him. The instruction complained of employed language slightly different from the language of the information, since it was couched in the precise language of the statute under which the defendant was charged. What is required is that an instruction correctly state the law. *State v. Stokes,* 215 Kan. 5, 9, 523 P. 2d 364. Whether this is done in the language of a sufficient information, in the language of the statute, or in other language that correctly presents the applicable law is not important, so long as the objectivity of accuracy is achieved. The instruction need not conform to the language of the statute so long as it is correct. *State v. Schriner,* 215 Kan. 86, 523 P. 2d 703, citing *State v. Finley,* 208 Kan. 49, 490 P. 2d 630. The instruction complained of was a correct statement and we find no error in that regard.

Defendant also contends that it was duplicitous to instruct the jury, over his objection, as to the lesser included offense of attempted aggravated assault on a law enforcement officer, and therefore such instruction was erroneous. A crime may be said to be a lesser included offense where all of its elements are necessary elements of the greater crime which is charged. *State v. Collins,* 217 Kan. 418, 536 P. 2d 1382.

The court has a duty to instruct on a lesser included offense only when there is evidence to support that instruction. *State v. Schriner,* supra, citing *State v. Campbell,* 210 Kan. 265, 284, 500 P. 2d 21. It appears that the defendant's theory of this case was that his actions did not rise to the level of a completed aggravated assault, but instead amounted at most to an attempt to perpetrate an aggravated assault. The court's instruction properly took defendant's theory into consideration and presented it to the jury. Even if it could be said that the instruction was erroneous, the giving of the instruction on attempt was certainly harmless error. No prejudice appears.

The judgment is affirmed.