No. 48,227

State of Kansas, *Appellee,* v. Gerald Lucas, *Appellant.*

(557 P. 2d 1296)

Opinion filed December 11, 1976.

*Frank F. Eckdall,* of Kansas City, Kansas, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, *Nick A. Tomasic,* district attorney, and *Dennis L. Harris,* deputy district attorney, were on the brief for the appellee.

*Per Curiam:* This is a direct appeal by defendant from a jury verdict of guilty on one count of aggravated robbery (K. S. A. 21-3427).

On August 9, 1974, a Kansas City, Kansas, market was robbed. During the course of the robbery the culprits pointed a revolver at a store employee and relieved her of an undetermined amount of money and a cash register tray. Defendant was later apprehended riding in an automobile resembling the getaway car. Two handguns fitting the description of those used in the robbery were recovered from the glove compartment of the car. Defendant was arrested and taken to police headquarters where the store clerk identified him as one of the robbers from a line-up.

On September 21, 1974, after being advised of his constitutional rights and signing a waiver, defendant gave a handwritten statement in which he admitted participation in the holdup.

At trial, the state presented testimony of the store employees and police officers, weapons recovered from the automobile, and defendant's confession. Defendant was found guilty and sentenced to a term of not less than fifteen years nor more than life.

Defendant appeals, alleging the information was defective in that it did not charge a crime or allege the property taken was

not his property, and that the court erred in failing to instruct that intent was an essential element of the crime.

The information charges that defendant:

". . . [D]id unlawfully, feloniously and wilfully take property, to-wit: money from the presence of Bernice Jones and Eugene Marshal . . . contrary to K. S. A. 21-3427."

The sufficiency of indictments and informations is now governed by the guidelines of K. S. A. 22-3201 (2). This court has repeatedly held that an information which charges an offense in the language of the statute or its equivalent is sufficient. (*State v. Barry,* 216 Kan. 609, 619, 533 P. 2d 1308; *State v. Hill,* 211 Kan. 287, 296, 507 P. 2d 342; *Carithers v. State,* 207 Kan. 607, 608, 485 P. 2d 1368; *State v. Chuning,* 199 Kan. 215, 219, 428 P. 2d 843.) The exact statutory words need not be used in the information if the meaning is clear. (*State v. Hart,* 33 Kan. 218, 6 Pac. 288; *State v. Hazen,* 160 Kan. 733, 165 P. 2d 234; 67 Am. Jur. 2d, Robbery, § 33, p. 49; 77 C. J. S., Robbery, § 34, pp. 472-73.)

Defendant first claims the information was fatally defective in that it failed to adequately and precisely describe the money alleged to have been taken. Defendant relies on a number of older cases where the court required a high degree of precision in the description of the money that was taken in a robbery. (*State v. Tilney,* 38 Kan. 714, 17 Pac. 606; *State v. Ready,* 44 Kan. 697, 26 Pac. 58; *State v. Collins,* 79 Kan. 411, 99 Pac. 817; *State v. Ferron,* 122 Kan. 845, 253 Pac. 402; *State v. Ross,* 152 Kan. 495, 105 P. 2d 879.) The authority of these decisions has been considerably eroded by the modern rationale for pleading in criminal cases. K. S. A. 21-3426 states that robbery is the taking of "property" from the person or presence of another. Modern cases support the view that the allegation the defendant took "money" or "U. S. Currency" sufficiently describes the nature and character of the property taken. (*Gray v. Hand,* 186 Kan. 668, 669, 352 P. 2d 3; *Kienlen v. United States,* 379 F. 2d 20 [10th Cir. 1967]; 67 Am. Jur. 2d, Robbery, § 42, p. 53.) In *Gray,* this court upheld an information which alleged that the defendant had taken " 'property, to-wit: one billfold and $1.00 in United States money . . . .' " (p. 669.)

Courts of other states have held that a description of property taken as "U. S. Currency" or "legal money and currency of the United States of America" is sufficient. (*People v. Smith,* 66 Ill. App. 2d 257, 213 N. E. 2d 135 [1966]; *Roberts v. State,* 172 Tex. Crim.

500, 360 S. W. 2d 883 [1961], cert. denied 371 U. S. 846, 9 L. Ed. 2d 83, 83 S. Ct. 83.)

Defendant does not indicate he was misled or disadvantaged. A full preliminary examination was held and he was aware of the state's evidence. The record indicates no request by defendant for disclosure of the amount of money claimed by way of discovery and no request for a bill of particulars. We conclude the allegation of the information that defendant took "property, to-wit: money" by robbery is sufficient and within the guidelines of K. S. A. 22-3201 (2).

The ownership of property taken is not an element of the offense. Taking any property from the person or presence of another by threat of bodily harm is robbery. Neither the robbery statute, K. S. A. 21-3426, nor the statute defining aggravated robbery, K. S. A. 21-3427, requires the property be that "of another." In the instant case, the information charged defendant with taking money "from the presence of Bernice Jones and Eugene Marshal." The state was not required to allege that the money was not the property of defendant. Our former statute, K. S. A. 21-527, defined robbery in the first degree as "taking the property of another from his person . . . and against his will, by violence. . . ." The phrase, "of another," is not found in K. S. A. 21-3427. Under the circumstances, we conclude the information was not defective for failure to allege ownership of the money.

Defendant further challenges the sufficiency of the information, since it did not allege the acts were committed with criminal intent. Because defendant failed to challenge the information prior to trial, as required by K. S. A. 22-3208 (3), any defects in the pleadings are deemed to be waived. (*State v. Smith*, 209 Kan. 664, 665, 498 P. 2d 78.) Nonetheless, we find the information sufficient. The information charged defendant in the words of the aggravated robbery statute. It further alleged the act was committed "feloniously," which infers the acts were done with criminal intent.

As defendant's third point he alleges the trial court erred because it did not include an intent requirement in the instructions. Criminal intent is an essential element of every crime under the criminal code. (K. S. A. 21-3201.) Proof of such may be established by willfulness or wantonness. In the present case clear proof of intent was established by defendant's use of a deadly weapon. Since defendant's intent was never made an issue in the case and he failed to lodge an objection to the instructions given, we hold it

was not reversible error to fail to instruct on intent. It would be better practice, however, to include the element of intent as suggested in the 1975 Supplement to PIK Criminal, 56.30 and 56.31, pp. 28, 29.

In *State v. Clingerman,* 213 Kan. 525, 516 P. 2d 1022, this court held it was reversible error to fail to instruct on intent as an element of a crime. Limited to the conditions set out above, *Clingerman* is hereby modified.

The judgment is affirmed.